Thomas YOUNGER, etc.

v.

**GLAMORGAN PIPE AND FOUNDRY COMPANY, etc.**

**Civ. A. No. 68–C–16–L.**

United States District Court,
W. D. Virginia,
Lynchburg Division.

July 11, 1969.

Amended Order July 28, 1969.

J. L. Williams, Danville, Va., Henry L. Marsh, III, Hill, Tucker & Marsh, Richmond, Va., Jack Greenberg, Robert Belton, Gabrielle A. Kirk, New York City, for plaintiff.

John L. Harvey, Arlington, Va., E. Riley Casey, Brian J. O'Neil, Counihan, Casey & Loomis, Washington, D. C., for defendant Glamorgan Pipe and Foundry Co.

James P. Hart, Jr., Hart & Hart, Roanoke, Va., William E. Mitch, Cooper, Mitch & Crawford, Birmingham, Ala., for defendants United Steelworkers and Local 2864.

## MEMORANDUM

MERHIGE, District Judge.

This matter comes before the Court on defendant Glamorgan's motion for summary judgment, and/or their motion to dismiss, as well as the motion of the defendants, United Steelworkers of America, AFL–CIO, and Local 2864 of the United Steelworkers of America. AFL–CIO, to dismiss.

All of the defendants, in essence, contend that the complaint fails to state a claim upon which relief may be granted, as well as alleged procedural irregularities under Title 42 U.S.C. § 2000e–5 et seq. In addition, the defendants contend that the plaintiffs are not an appropriate class to maintain this action.

The Court having heard the oral argument of the parties and having considered the memorandums filed herein, finds that the defendants' argument, in essence, is that the procedure called for under Title 42 U.S.C. § 2000e–5 et seq, is phrased so as to permit the Equal Employment Opportunity Commission to exercise its influence to adjust any grievances between an employer and an employee growing out of a Title VII (i. e. 42 U.S.C. § 2000e–5 et seq.) violation. By virtue of this contention the defendants, in essence, suggest that each aggrieved party must first submit his complaints to EEOC and that it is necessary that this be done in order for jurisdiction to attach to this court.

■■ Concededly, the charge of any wrongdoing must first be submitted to the Commission as a prerequisite to the District Court's jurisdiction. See Mickel v. South Carolina State Employment Service, 377 F.2d 239 (4th Cir. 1967). To contend, however, that each individual in a class must submit his own particular grievance is, in the Court's opinion, going beyond the intention of the Congress.

The case before the Court involves an allegation of racial discrimination which is common, by its very nature, to a whole class, and to insist that each person in the alleged class submit his particular grievance, resulting from the alleged discrimination, would be a burden on the essential scope of the statute itself. The whole purpose is to erase any discrimination based on race.

The Court has considered the citations relied upon by the company to support

its position, i. e. that any class action is premature, and notes that two of the cases were ultimately reversed. See Oatis v. Crown Zellerbach Corp., 398 F. 2d 496 (5th Cir. 1968); and Jenkins v. United Gas Corp., 400 F.2d 28 (5th Cir. 1968).

The instant suit is one in equity brought under the Civil Rights Act of 1964, and while the named plaintiff, Younger, does not allege that any member of his class other than himself filed complaints with the EEOC, it is the Court's opinion that a class action brought under the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e) is not restricted to individuals who have filed charges with the EEOC.

It is asserted that plaintiff herein is barred from maintaining this action based upon his allegation of discriminatory transfer in August 1965, since plaintiff admittedly did not report to the EEOC until September 1966. 42 U.S.C. § 2000e–5(d) states, "A charge under subsection (a) of this section (i. e. the charge of unlawful employment practice made by an aggrieved person to the EEOC), shall be filed within ninety days after the alleged unlawful employment practice occurred * * *."

Plaintiff's reply is that discrimination is the basis of the transfer and is one of a continuous nature. He contends that the act of transfer has, esoterically, never become final so as to invoke the running of the statutory period.

■ While the question is novel, the Court finds that plaintiff's analogy is somewhat strained. The discrimination, if present, may well be continuous, and it may well have caused the transfer complained of. The Court finds, however, that once the transfer is made, regardless of what precipitated same, it becomes final, and it appears to the Court that the dictates of § 2000e–5(d) require that an aggrieved party file his complaint as to that particular incident with the EEOC within ninety days after the alleged unlawful practice. The plaintiff, therefore, cannot be heard before this Court at this late date as to the question of the wrongdoing.

In addition, it is argued that once a complaint is registered with the EEOC, that commission has sixty days in which to notify the complainant of its (the Commission's) failure in conciliatory attempts with the employer in reference to the alleged grievance. It is argued that the failure of this to occur precludes this Court from jurisdiction.

■ It is uncontradicted, in the instant case, that EEOC failed to notify the plaintiff of its failure in its conciliatory efforts within the prescribed time. To hold as urged by the defendants would be for the Court to rule that the right of an aggrieved individual to his day in court depends upon the actions of a commission over which he has no control. While undoubtedly § 2000e–5(e) must be construed as requiring an exhaustion of administrative remedies, the failure of the administrative body to notify a plaintiff within sixty days of its unsuccessful attempts was never intended to bar a plaintiff's right to be justiciably heard. Miller v. International Paper Co., 408 F.2d 283 (5th Cir. 1969). See also, Quarles v. Philip Morris, 271 F.Supp. 842 (E.D.Va.1967), wherein Circuit Judge Butzner, then on the District bench, although dealing with the responsibility of the EEOC to seek conciliation and not with the issue of sixty days notice, points out forcefully the duty of a plaintiff in fulfilling the necessary step of exhaustion of the obligation placed upon him by the statute, namely to file his complaint with the EEOC in a timely fashion.

■ Any failure in this instance was not the plaintiff's, and if the statute were construed to mean that a plaintiff who follows the required administrative exhaustion proceedings may be frustrated in his attempts to seek judicial relief on a matter concerning alleged race discrimination, it would in the Court's opinion be suspect when considered in light of the Due Process clause. The Court therefore finds that the sixty day provi-

sion as referred to in the statute is merely directive.

 It is contended that certain of the allegations in the complaint were not presented to the EEOC for conciliation and hence are not now justiciable in this Court. Paragraph 6 of the complaint unequivocally alleges racial discrimination. Thus, racial discrimination having timely been placed in issue, any facet of same is now properly before this Court for adjudication.

It is next contended that the plaintiff had elected to proceed under the grievance procedure set out in the collective bargaining agreement between his union and the company, rather than under the Civil Rights Act. It is contended that having gone through certain steps, the plaintiff and his union decided to no longer proceed, and he is now prohibited from maintaining this action. See Bowe v. Colgate-Palmolive, 272 F. Supp. 332 (S.D.Ind.1967).

This Court is not prepared nor willing to preclude access to judicial remedies on matters of constitutional rights simply by virtue of a collective bargaining procedure. See Dewey v. Reynolds Metals Co., 291 F.Supp. 786 (W.D.Mich. 1968). It is perhaps worthy of note that plaintiff's bargaining agent, i. e. his union, has likewise been accused of racial discrimination. The Court thinks the better reasoning is expressed in the *Dewey* case, *supra.*

The union's further argument is answered by the fact that a breach of a duty of fair representation has been recognized for almost a quarter of a century as a justiciable federal issue when pitched upon a charge of racial discrimination.

Accordingly, an appropriate order will be entered denying defendant union's motion in toto, sustaining the defendant company's motion as to the alleged transfer in September 1965, and denying same on all other grounds as to the balance of the complaint.

## ORDER

For the reasons stated in the memorandum this day filed, it is adjudged and ordered that:

1. The motion of the defendant, Glamorgan Pipe and Foundry Company, for summary judgment be, and the same is hereby, denied; and its motion to dismiss that portion of the complaint going to plaintiff's alleged transfer in September 1965 be, and the same is hereby, sustained.

2. Defendant union's motion to dismiss be, and the same is hereby, denied.

3. In the Court's opinion this Order involves controlling questions of law as to which there are substantial grounds for difference of opinion and an immediate appeal from this Order might materially advance the ultimate termination of the litigation.