**Hazel A. PARMER, Plaintiff,**

v.

**The NATIONAL CASH REGISTER COMPANY et al., Defendants.**

Civ. No. 71-189.

United States District Court,
S. D. Ohio, E. D.

Feb. 9, 1972.

Milton A. Hayman, Steubenville, Ohio, for plaintiff.

C. Richard Grieser, Columbus, Ohio, J. Mack Swigert, Cincinnati, Ohio, Stanley Hostler, Charleston, W. Va., for defendants.

## OPINION AND ORDER

CARL B. RUBIN, District Judge.

This matter comes before the Court on motions to dismiss filed by defendants National Cash Register Company (NCR) and Local #1854, International Brotherhood of Electrical Workers. Plaintiff's complaint, which purports to be a class action pursuant to Rule 23, Fed.R.Civ.P., alleges that she was discriminated against on the basis of her sex when she was discharged from her employment by defendant NCR. She further alleges that Local #1854 violated its duty of fair representation towards her when it failed to accept and process her grievance in response to said discriminatory discharge and by acquiescing in the discriminatory practices of NCR. Plaintiff prays for monetary, injunctive and declaratory relief for herself and the class she purports to represent.

The jurisdiction of this Court is invoked under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; § 2000e–5(f); the general Civil Rights Act, 42 U.S.C. §§ 1981, 1983 and 28 U.S.C.A. § 1343; the National Labor Relations Act, 29 U.S.C. §§ 151 et seq., 185(a); and the Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202.

The defendants [1] have moved to dismiss the complaint upon the following enumerated grounds:

1) Plaintiff has not received a Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC) as required by 42 U.S.C. § 2000e–5(e).

2) Plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. §§ 1981 and 1983, as these statutory provisions do not regulate private discriminations on the basis of sex.

3) Plaintiff failed to file a grievance protesting her discharge as required by the collective bargaining agreement in effect between the defendants.

4) Plaintiff has failed to state a claim as to its purported class action under Rule 23, Fed.R.Civ.P., upon which relief can be granted.

---

1. Defendant NCR has only raised grounds numbered 1, 2 and 4 in support of its motion to dismiss. Defendant Local #1854 relies upon each of the six numbered grounds.

5) Plaintiff has no cause of action against Local #1854 for alleged discrimination in the hiring or promoting of employees since NCR, under said collective bargaining agreement, has exclusive control of these functions.

6) Local #1854 was bound by and complied with ORC § 4107.43, one of the so-called "Women Protection Statutes" of Ohio during the periods in question.

These six grounds will be discussed separately below.

### Notice of right to sue

Plaintiff filed two separate charges with the EEOC. Decisions on these charges were rendered by the Commission in Case YCL9–055 on May 25, 1970, and in Case YCL1–012 on July 4, 1970. Plaintiff received her notice of right to sue letter in YCL1–012 on May 31, 1971, and timely commenced the present suit on June 28, 1971. It appears that plaintiff has never requested her notice to sue letter in YCL9–055.

Defendants advance the contention that this Court is without jurisdiction to hear matters which were included in plaintiff's charge before the Commission in YCL9–055 because of her violation of 42 U.S.C. § 2000e–5(e). Plaintiff argues that her first charge with the EEOC (YCL9–055) was merged into her second charge (YCL1–012) and therefore only one notice of right to sue letter is required.

This Court does not have before it the EEOC files regarding YCL9–055 and YCL1–012. We are therefore in no position of ascertaining whether these two charges differed markedly from one another or whether plaintiff raised certain allegations in her first charge (where she did not obtain the required statutory notice) which she did not raise in her later charge (where she did obtain the requisite notice).

■ It would be unfair, therefore, in our view to dismiss plaintiff's suit on this narrow procedural ground. Our Circuit Court has recently noted that " . . . federal courts should not allow procedural technicalities to preclude Title VII complaints." Tipler v. E. I. duPont deNemours and Co., 443 F.2d 125 (6th Cir. 1971). We consider ourselves bound by this principle, especially at the motion to dismiss stage of a suit.

■ We also note that under applicable EEOC regulations, the plaintiff is entitled at this stage to a notice of right to sue letter in YCL9–055.[2] The Court therefore continues its disposition of this branch of defendants' motion with the understanding that plaintiff's counsel will make request upon the Commission under 29 C.F.R. § 1601.25b(d) for its statutory notice in YCL9–055, to which he has a right. Upon receipt of said notice plaintiff shall furnish a copy to the Court and to opposing counsel. If YCL9–055 is no longer an active file with the EEOC, or if the Commission in fact merged this charge with the subsequently filed one, plaintiff shall so inform the Court and this branch of defendants' motion will at that time be denied.[2A]

### Pre-emption

■ Defendants argue that plaintiff has failed to state a claim under 42 U.

---

**2.** 29 C.F.R., § 1601.25b(d) reads in material part as follows:
At any time after 60 days have expired since the charge was filed, any member of the class aggrieved by the practices alleged in the charge, may demand in writing that a Notice-of-Right-to-Sue issue, and the Commission shall promptly issue said Notice-of-Right to Sue . .

**2A.** Our disposition of this matter is in accord with an observation recently made by the Supreme Court. In reversing the Tenth Circuit's holding adverse to the complainant on a filing technicality under 42 U.S.C., Section 2000e–5(b) and (d), the Court wrote:
"Such technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process." Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972).

S.C. §§ 1981 and 1983, as these sections do not regulate private discriminations based upon sex discrimination. Defendants also argue that plaintiff's claim must be adjudicated exclusively under Title VII of the Civil Rights Act of 1964. In essence they assert that § 1981 and § 1983 jurisdiction has been preempted by Title VII.

The Sixth Circuit has recently held that the enactment of Title VII did not repeal, by implication, 42 U.S.C. § 1981 et seq. and does not preclude an action for sex discrimination in employment based upon these provisions. *Johnson v. City of Cincinnati, et al.,* 450 F.2d 796 (6th Cir. 1971); also see, *Jones v. Mayer Co.,* 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); *Sullivan v. Little Hunting Park,* 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969); *Young v. International Telephone & Telegraph Co.,* 438 F.2d 757 (3d Cir. 1971). Therefore plaintiff has properly plead a cause of action under Sections 1981 and 1983 and defendants' motion to dismiss on this ground should be denied.

### Class Action

 Defendants argue that this suit is not properly a class action under Rule 23, Fed.R.Civ.P. Even assuming *arguendo* that this contention is correct, the defendants have failed to direct the Court to any case that dismissed an action on this ground. If the defendants are correct, their remedy would be limited to the striking of class action elements and allowing Miss Parmer to proceed only on her own behalf. It is the Court's opinion, however, that defendants' contention is not persuasive and that plaintiff's suit properly sounds in class action.

Plaintiff has alleged that the defendants have committed acts of sex discrimination against herself and the members of her class. This class is composed of women who are employed or may be prospectively employed by NCR's Cambridge, Ohio, plant and who are or may become members of Local #1854. The acts complained of allegedly committed by the defendants include the maintenance of a policy that systematically discriminates against women employees and members in such matters as hiring, promotion, seniority, testing, retirement and pension benefits and other employment opportunities.

The availability of class action suits under Title VII is no longer subject to question. *Griggs v. Duke Power Co.,* 401 U.S. 424, 426, 91 S.Ct. 849, 28 L. Ed.2d 158 (1971); *Tipler v. E. I. du-Pont deNemours and Co.,* 443 F.2d 125, 130 (6th Cir. 1971); *Equal Employment Opportunity Commission v. Local Union 189, Plumbing and Pipefitting Industry,* 438 F.2d 408, 412 (6th Cir. 1971); *Jenkins v. United Gas Corp.,* 400 F.2d 28 (5th Cir. 1968); *Mack v. General Electric Company,* 329 F.Supp. 72 (E.D.Pa. 1971). Numerous suits have explicitly held that class action is appropriate in sex discrimination suits under Title VII. *Sprogis v. United Air Lines, Inc.,* 444 F.2d 1194, 1201 (7th Cir. 1971); *Rosenfeld v. Southern Pacific Company,* 444 F.2d 1219 (9th Cir. 1971); *Bowe v. Colgate-Palmolive Company,* 416 F.2d 711 (7th Cir. 1969); *Sciaraffa v. Oxford Paper Company,* 310 F.Supp. 891 (D. Maine S.D.1970); *Glus v. G. C. Murphy Company,* 329 F.Supp. 563 (W.D.Pa. 1971).

 Unreasonable discrimination on the basis of sex is violative of the national policy embodied in 42 U.S.C. § 2000e-2.[3] It has recently been held by the Supreme Court that such discrimination is now also violative of the Equal

---

3. 42 U.S.C. § 2000e-2(a) reads as follows:

"(a) It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise

Protection Clause of the Fourteenth Amendment. Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). In that case the Court held that an arbitrary preference in favor of males over females for the administration of estates under Idaho's probate code could not pass constitutional muster. The Court, for the first time, equated discrimination on the basis of sex with other invidious class discriminations when it wrote: "To give a mandatory preference to members of either sex over members of the other . . . is to make the very kind of arbitrary legislative choice forbidden by the Equal Protection Clause of the Fourteenth Amendment; " . . . By providing dissimilar treatment for men and women who are thus similarly situated, the challenged section violates the Equal Protection Clause . . ." *supra*, at 76, 92 S.Ct. at 254.

■ Defendants argue further that plaintiff does not have standing to represent the class of women who are employees of NCR's Cambridge, Ohio, plant and members of Local #1854 because she is no longer an employee of NCR. This argument is totally lacking in merit.

Plaintiff has alleged she was discharged from her employment because she complained about NCR's policies which discriminated, among other particulars, against the promotion and hiring of women. Defendants now claim that plaintiff's allegedly discriminatory discharge prevents her from bringing suit on behalf of herself and the women still employed at the Cambridge plant and ostensibly still subject to the discriminatory practices and customs complained of in plaintiff's suit. Defendants' view, if adopted, would not leave much substance to the availability of class action suits under Title VII. Wrongfully discharged employees would not have standing to bring a suit on behalf of the aggrieved class and active employees would either not feel aggrieved or would be frightened of filing suit which could result in their discriminatory discharge.

Defendants' position has been explicitly rejected in this Circuit. Tipler v. E. I. duPont deNemours and Co., 443 F.2d 125, 130 (6th Cir. 1971). In *Tipler, supra*, the defendant company alleged that the aggrieved complainant " . . . has no standing to challenge the alleged discriminatory practices since he is no longer an employee of the appellant [company]" In overruling the company's contention on this ground the Court noted it "is contrary to the clear weight of authority . . . ." *Id.*, at 130. Also see, Carr v. Conoco Plastics, Inc., 423 F.2d 57 (5th Cir. 1970); Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122 (5th Cir. 1969); and other cases therein cited. As we are bound to follow *Tipler, supra*, defendants' argument herein must likewise be rejected.

We do not necessarily agree with the holding of Bowe v. Colgate-Palmolive Company, *supra*, on the class action motive of all Title VII suits.[4] We do, how-

---

adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

This general policy prohibiting discrimination on the basis of sex and of other prohibited categories is subject to the exception contained in 42 U.S.C. § 2000e–2(e) which provides that such discrimination shall not be deemed an unlawful employment practice " . . . in those certain instances where religion, sex, or national origin is a bona fide occupational qualification reasonably necessary to the normal operation of that particular business or enterprise." If, at trial, plaintiff makes a showing of sex discrimi-

nation, the burden of showing that said discrimination is within the above noted exception will be upon the two defendants. Schultz v. First Victoria National Bank, 420 F.2d 648 (5th Cir. 1969); Weeks v. Southern Bell Tel. & Tel. Co., 408 F.2d 228 (5th Cir. 1969); Ridinger v. General Motors Corporation, 325 F. Supp. 1089 (S.D.Ohio W.D.1971).

4. In that case the Court held that:
 A suit for violation of Title VII is necessarily a class action as the evil sought to be ended is discrimination on the basis of a class characteristic, i. e., race, sex, religion or national origin. 416 F.2d at p. 719 [emphasis supplied]

ever, note that the present suit has alleged violations which if shown to be true would entitle an identifiable class of women to both statutory and constitutional relief. Class action is therefore appropriate in the present suit.

Therefore the Court determines that the present action is maintainable as a class action under Rule 23, Fed.R.Civ.P. Further, the Court specifically finds that the requirements of Rule 23(a) and 23(b) (2) and (3), Fed.R.Civ.P. have been satisfied in this case. It is our view that plaintiff adequately represents the class of female employees of NCR's Cambridge, Ohio, plant and female members of Local #1854 who were, are, or will be affected by the alleged practices of these defendants which discriminate against women. However, the Court reserves the right, pursuant to Rule 23(c) (1), Fed.R.Civ.P., to alter or amend this aspect of our Order, and to dismiss the class action elements of this suit if reasons justifying such alteration or amendation become apparent before or during trial. Jenkins v. United Gas Corp., 400 F.2d 28, 35 (5th Cir. 1968).

### Exhaustion of Contractual Remedies

Defendant Local #1854 asserts that plaintiff failed to file a grievance as required by Section 6.6 of the collective bargaining agreement. Defendant is therefore suggesting that plaintiff's suit should be dismissed for her failure to exhaust contractual remedies. This argument is without merit.

 The doctrine of election of remedies does not exist in the arena of Title VII complaints. Bowe v. Colgate-Palmolive Company, *supra*; also see, Tipler v. E. I. duPont deNemours and Company, supra; Hutchings v. United States Industries, Inc., 428 F.2d 303 (5th Cir. 1970). In addition there is no general requirement that a Title VII complainant exhaust remedies available under a collective bargaining agreement before bringing a suit in federal District Court under 42 U.S.C. § 2000e–5(e).[5] Hutchings v. United States Industries, Inc., *supra*; Bowe v. Colgate-Palmolive Company, *supra*; Bremer v. St. Louis Southwestern Railway Co., 310 F.Supp. 1333 (E.D.Mo.E.D.1969); Evans v. Local Union 2127, I.B.E.W., 313 F.Supp. 1354 (N.D.Ga.1969); Younger v. Glamorgan Pipe & Foundry Co., 310 F.Supp. 195 (W.D.Va.1969); Glus v. G. C. Murphy Company, 329 F.Supp. 563 (W.D.Pa.1971). Therefore this ground for dismissal of the action will be denied.

### Exclusivity of Management Control and Good Faith Reliance on Ohio's Women's Protection Statutes

 Defendant Local #1854 advances two last contentions in support of its motion to dismiss. These will be dealt with briefly. Since the Court does not have a copy of the collective

5. However, the Sixth Circuit has held that where the complainant had elected to proceed under a contract with a binding arbitration clause to a final determination, then the strong federal policy in favor of binding arbitration as expressed in the United Steelworkers trilogy, United Steelworkers of America v. American Mfg. Co., et al., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), prevented the District Court from hearing the Title VII allegations *de novo.* Dewey v. Reynolds Metals Company, 429 F.2d 324 (6th Cir. 1970), affirmed by an equally divided court, 402 U.S. 689, 91 S.Ct. 2186, 29 L.Ed.2d 267 (1971). But see, *contra,* Hutchings v. United States Industries, Inc., *supra*; Bowe v. Colgate-Palmolive Co., *supra.* Since plaintiff in the case at bar did not elect to proceed to binding arbitration, neither the facts, holding nor the policy consideration of *Dewey, supra,* are apposite. The holding of the Court in Tipler v. E. I. duPont deNemours and Co., 443 F.2d 125, 130 (6th Cir. 1971) tends to so distinguish *Dewey, supra,* and support the view herein adopted.

bargaining agreement in its file, it would be premature to rule on what functions are under the exclusive control of NCR. Plaintiff has alleged that the Union has acquiesced in the policies adopted by NCR, which discriminate against its women employees, as regards seniority, insurance, sick benefits, retirement and pension benefits, etc. These, at least, are presumably within the power of the Union to negotiate on. Since we must accept the truth of plaintiff's allegations for the purpose of evaluating a motion to dismiss, this branch of defendants' motion to dismiss must be denied. Hunter v. Atchinson, 466 F.2d 490 (6th Cir., 1972); United States v. New Wrinkle, Inc., 342 U.S. 371, 72 S.Ct. 350, 96 L.Ed. 417 (1952); Dann v. Studebaker-Packard Corp., 288 F.2d 201 (6th Cir. 1961); also see, Glus v. G. C. Murphy Company, *supra*.

■ Finally, the Union argues good faith reliance on Ohio's Women's Protection Statutes, especially O.R.C. § 4107.43. The validity of these statutes and of statutes generally which discriminate against women on unreasonable grounds has recently been cast into doubt. Reed v. Reed, *supra*; General Electric Company v. Hughes, 454 F.2d 730 (6th Cir. 1972); Ridinger v. General Motors Corporation, 325 F. Supp. 1089 (S.D.Ohio E.D.1971). In any event, this Court is in no position to rule on good faith reliance on a statute at the motion to dismiss stage of these proceedings. Hunter v. Atchinson, *supra*.

Accordingly, for the reasons set forth above, the motions to dismiss of defendants NCR and Local #1854, except for the reservation as earlier noted in regard to the notice of right to sue issue, are found to be without merit and are hereby denied.

Defendants shall file responsive pleadings to the complaint herein within twenty (20) days from the entry of this Opinion and Order.

It is so ordered.