Catherine M. BURWELL et al.

v.

EASTERN AIRLINES, INC., et al.

Civ. A. No. 74–0418–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 9, 1975.

Robert B. Wallace, Alexandria, Va., Jay L. Westbrook, Harold E. Krents, Surrey, Karasik & Morse, Washington, D. C., for plaintiffs.

Francis V. Lowden, Jr., Paul M. Thompson, Richmond, Va., A. Andrew Giangreco, Alexandria, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiffs, flight attendants employed by defendant Eastern Airlines, Inc., bring this action pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S. C. 2000e et seq.) in which they challenge the maternity policies of Eastern as applied to female employees. Plaintiffs seek injunctive and declaratory relief, back pay, court costs and attorney's fees. Defendants Transport Workers' Union of America, Locals 550 and 553 (Union), are the labor unions which negotiated the contested maternity policies with defendant Eastern. Jurisdiction is invoked pursuant to 42 U.S.C. § 2000e–

5(f). The matter is presently before the Court on Eastern's motion to certify a class action.

■■ Both plaintiffs and defendants concur that a class action is appropriate, although they differ as to the appropriate class definition as well as whether notice is required. The class as proposed by either side satisfies the numerosity requirement of Rule 23(a), Fed.R. Civ.P., as a minimum of three thousand five hundred plaintiffs are involved. Moreover, a common question of law is raised by the complaint that pertains to the validity of the maternity leave and benefits policies negotiated by Eastern and the Union. Thus, the second requirement of Rule 23(a), Fed.R.Civ.P. is met. The claims of the class representatives and their requested relief are typical of those of the class as a whole. Additionally, there is no dispute that the interests of each proposed class are concordant with those of the representatives and will be fairly and adequately protected by the vigorous pursuit of this action by the class representatives. Rule 23(a), Fed.R.Civ.P. Litigation on behalf of a national class over a nationally employed policy affecting all class members in a similar fashion is well suited to class action adjudication. *Gilbert v. General Electric Co.*, 519 F.2d 661 (4th Cir. 1975); *Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239 (3d Cir. 1975).

■ Plaintiffs seek to include both flight attendants and ground employees in the class, while Eastern would include only the flight attendants. While Eastern's maternity policies, in many respects, apply equally to both ground and flight employees, the justifications for those policies concerning flight personnel raise issues peculiar to the environment in which flight attendants work. Moreover, certain contested policies apply differently to flight attendants and ground attendants. It would appear that the ultimate conclusion reached in the litigation concerning flight attend-

ants may well depend upon medical and scientific testimony concerning the effects of altitude changes and lower oxygen levels on pregnant women, the types of work-related injuries suffered by flight attendants, and the ability of female flight attendants to safely and competently perform their duties during pregnancy. These issues are not applicable to ground employees. In short, in this Court's view, the claims of the ground personnel may be better presented in an action not burdened by the complexity of issues presented by flight attendants. See *Newmon v. Delta Airlines*, 374 F.Supp. 238 (N.D.Ga.1973), *aff'd.* 475 F.2d 768 (5th Cir. 1973). While this factor alone, perhaps, would not justify limiting the class to flight attendants, two additional considerations compel such a conclusion. A part of the relief sought by plaintiffs includes a transfer of pregnant flight attendants to available ground jobs. Such a transfer may and likely would conflict with the interests of ground personnel in job security. It is elementary that if one group's interests are antagonistic to or potentially conflicting with the interest of another, the former cannot represent the latter in a class action suit. *Daye v. Commonwealth of Pennsylvania*, 344 F. Supp. 1337 (E.D.Pa.1972), *aff'd.* 483 F. 2d 294 (3d Cir. 1972), *cert. den. Meyers v. Pennsylvania*, 416 U.S. 946, 94 S.Ct. 1956, 40 L.Ed.2d 298 (1974); *Air Line Stewards and Stewardesses Ass'n, Local 550, TWU, AFL–CIO v. American Airlines, Inc.*, 490 F.2d 636 (7th Cir. 1973); *Phillips v. Klassen*, 163 U.S.App.D.C. 360, 502 F.2d 362 (1974). More importantly, it appears that the validity of Eastern's maternity policies for ground personnel is presently pending before the United States District Court for the Southern District of Texas, in an action styled *Marik v. Eastern Airlines, Inc.* filed by two ground employees prior to the institution of this suit. Where, as here, the issues to be litigated by flight attendants will differ in complexity and detail from those of ground employees, and the interests of the two groups potentially conflict, and a prior suit has been instituted by several ground employees, the scope of the class in the instant suit is best limited to flight attendants.

A further point of controversy centers upon the cut-off date for membership in the class. Eastern proposes to restrict the membership of the class to those persons who were in a position to file a timely charge of sex discrimination at the time Ms. Burwell filed her charge under Title VII of the Civil Rights Act of 1964. The cut-off date thus computed would be 300 days prior to the filing of a charge with the EEOC—i.e. October 27, 1972. Eastern, then, would exclude from the class those persons whose claim would be time barred by the statute of limitations contained in 42 U.S.C. § 2000e–5(g). Plaintiffs, on the other hand, would define the class in terms of the effective date of Title VII, July 2, 1965.

■■ The Court, as Eastern urges, is of the view that individuals whose claims are time barred pursuant to 42 U.S.C. § 2000e–5(g), should be excluded from the class. It is settled that timely compliance with administrative procedures are jurisdictional prerequisites for maintaining a civil action under Title VII. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed. 2d 147 (1974); *Johnson v. Seaboard Air Line Railroad Co.*, 405 F.2d 645 (4th Cir. 1964); *Mickel v. South Carolina State Employment Service*, 377 F.2d 239 (4th Cir. 1967). Compliance with these procedures requires that a charge of discrimination be filed within one hundred eighty days of the alleged unlawful practice or within three hundred days if the aggrieved person has instituted state or local proceedings on the matter. 42 U. S.C. § 2000e–5(e). Failure to bring charges within the prescribed period, would preclude judicial relief under Title VII. *Stebbins v. Nationwide Mut.*

*Ins. Co.,* 382 F.2d 267 (4th Cir. 1967); *EEOC v. Cleveland Mills,* 502 F.2d 153, 156 (4th Cir. 1974). One cannot redress grievances through membership in a class where that person would be unable to maintain the action in his or her own right. *Wetzel v. Liberty Mut. Ins. Co.,* 508 F.2d 239 (3d Cir. 1975); *C.A.W. v. New York Telephone Co.,* 8 CCH E.P.D. ¶ 9542 (S.D.N.Y.1974); *Garneau v. Raytheon Co.,* 341 F.Supp. 336 (D.Mass. 1972). See also, *Ashworth v. Eastern Airlines,* Civil Action No. 74–353–R (E. D.Va., June 6, 1975); *Gilbert v. General Electric,* 59 F.R.D. 267 (E.D.Va.1973), *aff'd.* 519 F.2d 661 (4th Cir. 1975).

In selecting the October 27, 1972 cut-off date in defining the class, it is important to recognize the scope of the exclusion. Plaintiffs' challenge of Eastern's maternity policies is an allegation of an ongoing and continuous violation of Title VII. Charges are considered timely so long as the alleged violation is ongoing. *Pacific Maritime Assn. v. Quinn,* 491 F.2d 1294 (9th Cir. 1974); *Macklin v. Spector Freight Systems,* 156 U.S.App.D.C. 69, 478 F.2d 979 (1973); *Belt v. Johnson Motor Lines,* 458 F.2d 443 (5th Cir. 1972); *Younger v. Glamorgan Pipe & Foundry Co.,* 310 F. Supp. 195 (W.D.Va.1969). Moreover, the filing of an action by a member of a class tolls the statute of limitation for all members of the class, even for unnamed class members who have not yet filed complaints with the EEOC. *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974); *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 414, n.8, 95 S.Ct. 2362, 2370, 45 L.Ed.2d 280 (1975). Thus, the only persons excluded from the class are those who terminated their employment with Eastern prior to October 27, 1972 and failed to lodge a timely complaint with the Equal Employment Opportunity Commission.

Plaintiffs cite *Johnson v. Goodyear Tire & Rubber Co.,* 491 F.2d 1364 (5th Cir. 1974) and *Pettway v. American Cast Iron Pipe Co.,* 494 F.2d 211 (5th Cir. 1974), for the proposition that class membership should not be tied to the time period for filing charges under Title VII. Those cases, however, deal with the time period for which back pay can be awarded and not with the membership of the class bringing suit. This court agrees with the Fifth Circuit Court of Appeals that the statutory time limits for filing a complaint with the EEOC do not limit the time period for which back pay can be awarded. See *Albemarle Paper Co. v. Moody, supra,* 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed. 2d 280 (1975); *Hairston v. McLean Trucking Co.,* 520 F.2d 226 (4th Cir. 1975). *Albemarle, Johnson* and *Hairston* all pertain to the awarding of back pay in class actions timely filed. These cases do not speak toward defining class membership.

The final point of contention is whether notice of the pending action should be given to class members, and if so, what form the notice should take. As this is a (b)(2) action, the notice requirements mandated by Rule 23(c)(2) are not strictly applicable. *Eisen v. Carlisle & Jacqueline,* 417 U.S. 156, 177 n.14, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *Hammond v. Powell,* 462 F.2d 1053 (4th Cir. 1972). Acting upon the principal that every person to be bound by a judgment is entitled to representation of their choosing, this Court, in its discretion, will require that notice be given. Rule 23(d)(2), Fed.R.Civ.P. Any hardship created by requiring notice is minimized by Eastern's pronounced willingness to cooperate in this matter. The proposed notices submitted by the parties are similar in substance with the exception that plaintiffs desire to include an "opt-out" provision. Since all class members are bound by (b)(2) judgment, an option to be excluded from the action is not appropriate. *Wetzel v. Liberty Mutual Ins. Co., supra,* 508 F.2d 239, 252–53 (3d Cir. 1975); *Air Line Stewards and Stewardesses Ass'n, Local*

*550, TWU, AFL–CIO v. American Airlines,* 490 F.2d 636 (7th Cir. 1973); *Van Gemert v. Boeing Co.,* 259 F.Supp. 125, 130 (S.D.N.Y.1966). See generally, 3B *Moore's Federal Practice* § 23.60; 7A Wright and Miller, *Federal Practice and Procedure,* §§ 1787, 1793. Plaintiffs also seek the inclusion of the names and addresses of attorneys who are presently representing class representatives. This information should be included in the notice in order to allow class members to decide whether to retain their own attorney at their own expense or rely on counsel of record. The modifications suggested by this memorandum should render plaintiffs' proposed notice (filed June 19, 1975 with this Court) acceptable to all parties.

An appropriate order will issue.