**Mary Day FEWLASS, Individually and on behalf of all persons similarly situated, Plaintiff,**

v.

**ALLYN AND BACON, INC., Defendant.**

**No. CA 76–3685–T.**

United States District Court,
D. Massachusetts.

July 26, 1979.

Barbara J. Rouse, Robert H. Bolin, Anthony P. Sager, Asst. Attys. Gen., Boston, Mass., for plaintiff.

Thomas V. Urmy, Jr., Warner & Stackpole, Deborah A. Posin, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

TAURO, District Judge.

Plaintiff alleges that she and all other female employees of the defendant publishing company have been the victims of sex discrimination.[1] She seeks declaratory, injunctive and other equitable relief for herself and all similarly affected female employees of the defendant.

Plaintiff moved to certify a class. On November 15, 1978 this court ruled that, as a supervisory employee, the plaintiff was not able to adequately represent the interests of the non-supervisory personnel who constituted the majority of the members of the proposed class. But this court did conditionally certify a class, defined as follows:

All supervisory or managerial female employees of Allyn and Bacon who have been, continue to be, or will be adversely affected by alleged discriminatory practices, excluding those employees who left employment with Allyn and Bacon before January 25, 1975.

The certification was conditional because there remained two questions that had not been addressed by the parties. The first was whether the defined class was sufficiently numerous so as to make joinder impracticable. The second was whether the named plaintiff Fewlass met the timeliness requirements of Title VII.

Presently before the court are three motions, all filed by the plaintiff. The first is a motion for leave to amend the complaint by adding five additional co-plaintiffs. The second seeks a reconsideration of the plaintiff's original motion for class certification, in the event that the plaintiff's motion for leave to amend her complaint is allowed. The third motion requests the court to unconditionally certify the class defined in the court's November 15, 1978 Order.

## I.

The five new parties which the plaintiff seeks to add as co-plaintiffs are non-supervisory employees of the defendant. It is clear that the plaintiff seeks to add new class representatives who could fairly and adequately represent non-supervisory personnel in a class action. The court is mindful that, under F.R.Civ.P. 15(a), leave to amend a complaint should be freely given. For the reasons set forth below, however, plaintiff's motion for leave to amend is denied.

The jurisdictional prerequisites to suit under Title VII are the filing of charges with the Equal Employment Opportunity Commission (EEOC) and the receipt of a statutory notice of a right to sue. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The Supreme Court has clarified this doctrine in the context of class actions by holding that it is not necessary for unnamed class members in a Title VII action to file administrative charges with the EEOC in order to share in class relief as long as the class representatives have met all the jurisdictional prerequisites. *Franks v. Bowman Transportation Co.*, 424 U.S. 747, 771, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976). *See also Albemarle Paper Co. v. Moody*, 422 U.S. 405, 414 n.8, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). Several courts have also held that class members who have not themselves filed charges with the EEOC may be added as named co-plaintiffs to an action where there already exists a class representative who has fulfilled the jurisdictional prerequisites. For example, in *Lo Re v. Chase Manhattan Corp.*, 431 F.Supp. 189 (S.D.N.Y.1977) the court stated:

Having found that at least two . . . and perhaps three . . . plaintiffs properly initiated this suit, it is clear that it was not necessary for the remaining plaintiffs to have filed charges with the EEOC to join as co-plaintiffs in a class so long as 'they are in a class [with the

---

1. This action alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, the Equal Pay Act, 29 U.S.C. §§ 206(d), and Mass. Gen. Laws ch. 151B and ch. 149, § 105A.

EEOC charging parties] and assert the same or some of the issues.'

*Supra* at 194 (citations omitted).[2]

■ In the instant case, however, the parties who now seek to be added as co-plaintiffs are not in the same class as the plaintiff, Mary Day Fewlass, and none of them have filed charges with the EEOC or received a right to sue notice.[3] Recent authority appears to be uniform in holding that in order to bring suit as a named plaintiff on behalf of a class, one must have secured a right to sue notification by following the procedures set forth in Title VII. *Inda v. United Airlines, Inc.*, 565 F.2d 554, 559 (9th Cir. 1977). *See also Bertheas v. Trans World Airlines, Inc.*, 450 F.Supp. 1069 (E.D.N.Y.1978).[4] Accordingly, this court holds that non-supervisory employees may not rely on the EEOC charges filed by the plaintiff Fewlass in order to meet the jurisdictional prerequisites to their maintaining a Title VII suit in federal court.

The failure of the non-supervisory employees seeking to become plaintiffs to file charges with the EEOC is not merely a "technical deficiency." The EEOC investigated only the claims of Fewlass who is in a position of potential conflict with the non-supervisory employees now petitioning to be added as parties. The EEOC has never had the opportunity to consider the claims of the non-supervisory personnel. Unlike *DeFigueiredo, supra*, there is no basis for concluding that the claims of supervisory and non-supervisory personnel are inter-dependent. The situation, therefore, is not comparable to cases in which Title VII suits were filed prematurely by plaintiffs who had filed timely charges with the EEOC and were, or would soon be, entitled to notice of a right to sue.[5]

There do not appear to be any equitable considerations to warrant relieving the plaintiff from the statutory prerequisites of a Title VII action. There has been no explanation as to why the plaintiff failed to include a non-supervisory employee as an aggrieved party in the charge filed with the EEOC so that such claim could have been properly investigated. Moreover, the charge to the EEOC was filed by the Attorney General of the Commonwealth, not a lay person. Female non-supervisory employees who feel they are subject to discriminatory practices are free to file appro-

2. See *also*, e. g., *Local 179, Textile Workers v. Federal Paper Stock Co.*, 461 F.2d 849 (8th Cir. 1972); *Schoeppner v. General Telephone Co. of Pennsylvania*, 417 F.Supp. 453 (W.D.Pa.1976). In these cases the "aggrieved person" who had filed charges with the EEOC and received a notice of right to sue was a labor union. The additional parties later added as co-plaintiffs were members of the charging union, and their claims were exactly those which the EEOC had considered in issuing the "right to sue" letter.

3. The EEOC charge which was filed prior to the institution of this action was filed jointly by the Attorney General of the Commonwealth and Karen Koenig, President of the 9 to 5 Organization of Women Office Workers. However, notwithstanding the broad language of the charge and the fact that it was generally filed on behalf of the Commonwealth, its citizens, the 9 to 5 Organization as well as "unnamed individual plaintiffs," the only aggrieved person specifically listed in the "Third-Party Certification of Charge" was Mary Day Fewlass. Consequently, Mary Day Fewlass was the only person whose claim was investigated by the EEOC and the only one who received a "Notice of Right to Sue" from the EEOC. Fewlass is a supervisory employee of the defendant, precluded by the terms of the Collective Bargaining Agreement from being a member of the union to which the defendant's non-supervisory employees belong.

4. The plaintiff seems to lean heavily upon *DeFigueiredo v. Trans World Airlines, Inc.*, 322 F.Supp. 1384 (1971) which permitted a male flight purser to rely upon timely sex discrimination charges filed by female hostesses. In *DeFigueiredo*, however, the court specifically found that the EEOC's review of the charges filed by female flight attendants necessitated a review of the status of their male counterparts. Moreover, *DeFigueiredo* stated that it was not clear that filing a charge with the EEOC was a jurisdictional prerequisite *to* a Title VII suit. See *Bertheas, supra* at 1073. Since *DeFigueiredo*, the Supreme Court has made it clear, and the plaintiff concedes, that filing charges with the EEOC is a jurisdictional prerequisite. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

5. *See*, e. g., *Berg v. Richmond Unified School District*, 528 F.2d 1208 (9th Cir. 1975), *vacated on other grounds*, 434 U.S. 158, 98 S.Ct. 623, 54 L.Ed.2d 375 (1978); *Palmer v. National Cash Register Co.*, 346 F.Supp. 1043 (E.D.Ohio 1972).

priate charges with the EEOC, and then to further pursue the matter in federal court, consistent with the procedures set forth in Title VII.

■ A motion to amend should be denied if the complaint, as amended, would be subject to immediate dismissal. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). It is apparent that this court would be without jurisdiction to consider the claims of those seeking to be added as named plaintiffs. Accordingly, their motion for leave to amend is denied.

### II.

In light of the court's decision in part one of this Memorandum, the court also denies the plaintiff's motion for reconsideration of its previous order on class certification.

### III.

■ It is incumbent upon the party seeking to maintain a class action to demonstrate that it would be impracticable to proceed other than by way of class relief. *DeMarco v. Edens*, 390 F.2d 836, 845 (2d Cir. 1968). The question of whether joinder is impracticable is not strictly one of numbers, though courts have ruled that joinder is preferable when there are as many as 30 to 40 prospective members. *See Moscarelli v. Stamm*, 288 F.Supp. 453, 463 (E.D.N.Y. 1968). Courts should also bear in mind the geographic location of the potential class members. *Id.* In the instant case there are approximately 30 prospective class members.[6] All are or were employees of Allyn and Bacon. The plaintiff has not alleged that they are not all residing within a reasonable distance of this court, or any other factor which would demonstrate substantial hardship arising from their individual participation in this suit.

The plaintiff does allege that potential class members may be reluctant to personally appear and prosecute their claims because of fears of reprisal from the defend-

ant. This court is not persuaded, however, that so small and well defined a group of persons who are by definition supervisors and managers of Allyn and Bacon will receive the protection of anonymity even if this suit were to proceed as a class action.

This court, therefore, revokes its conditional certification of the class defined in its Memorandum and Order of November 15, 1978 and denies the plaintiff's motion for certification of class.

It is so ORDERED.

---

**6.** The fact that the proposed class might include some future employees does not affect the numerosity requirement. The court also does not find convincing the argument that all

of the plaintiffs might terminate their employment with the defendant, thereby leaving no party to insure compliance with an order of this court.