**Turner M. ROUNDTREE, Plaintiff,**

v.

**CINCINNATI BELL, INC., Defendant.**

**No. C-1-78-315.**

United States District Court,
S. D. Ohio, W. D.

Dec. 10, 1979.

Norris Muldrow, Harvey E. Wilbekin, and Peter J. Randolph, Cincinnati, Ohio, for plaintiff.

James K. L. Lawrence, George E. Yund, Todd H. Bailey, James J. Grogran, and Frost & Jacobs, Cincinnati, Ohio, for defendant.

## DECISION AND ORDER

DAVID S. PORTER, Senior District Judge.

This cause of action is brought pursuant to 42 U.S.C. §§ 2000e *et seq.*, and 42 U.S.C. §§ 1981, 1985. It alleges that defendant Cincinnati Bell, Inc., discriminated against black employees by denying them promotions and raises based upon their race.

Before the Court at this time is the consideration of whether plaintiff should proceed with this lawsuit as a class action. While plaintiff failed to move for a pretrial class certification pursuant to S.D.Ohio R. 3.9.3, this Court nevertheless ordered a hearing on this issue (doc. 13, August 30, 1979). This Order was proper because it is the rule of the Sixth Circuit that the provisions of Fed.R.Civ.P. 23(c)(1), requiring class certification decisions "as soon as practicable" after commencement of an action, are mandatory and require district courts to enter orders of determination whether requested by the parties or not. *Alexander v. AERO Lodge No. 135*, 565 F.2d 1364, 1371 (6th Cir. 1977); *Senter v. General Motors Corp.*, 532 F.2d 511, 521 (1976), *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976). *But see East Texas Motor Freight v. Rodriquez*, 431 U.S. 395, 405, 97 S.Ct. 1891, 1897, 52 L.Ed.2d 453 (1977). The hearing was held October 28–29, 1979. The Court has considered the evidence presented at the hearing as well as the argument, memoranda, and other submissions of counsel. For the reasons set forth below, we hold that certifying plaintiff as a representative for any class of persons would be inappropriate in this case. Plaintiff may, of course, pursue his claim individually.

In his complaint, plaintiff contends his cause of action can be certified as a class action pursuant to Fed.R.Civ.P. 23(b)(2) (doc. 1, ¶ 5). To sustain this contention plaintiff must satisfy all four of the prerequisites contained in Rule 23(a) and then demonstrate that the class he seeks to represent falls within Rule 23(b)(2). *Senter, supra*, 532 F.2d at 522; 3B Moore's Federal Practice ¶ 23.03 at 23–109 (1979). *See Rodriquez, supra*, 431 U.S. at 405, 97 S.Ct. at 1897.

Rule 23(a) provides:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

For purposes of determining if the class forwarded by plaintiff "is so numerous that joinder of all members is impracticable," there is, contrary to defendant's assertion (doc. 14, p. 14), no Sixth Circuit rule on the minimum size of a class. Indeed, the Sixth Circuit has stated, "[t]here is no specific number below which class action relief is automatically precluded. Impracticability of joinder is not determined according to a strict numerical test but upon the circumstances surrounding the case." *Senter, supra*, 532 F.2d at 523 n. 24; *see Cash v. Swifton Land Corp.*, 434 F.2d 569, 571 (6th Cir. 1970) and *see generally* 3B Moore's Federal Practice, *supra*, ¶ 23.05[1]; 1 Newberg on Class Actions § 1105d (1977). In determining the impracticability issue a court may take into account factors such as the estimated size of the class, the geographic diversity of potential class members, and the type of relief sought. *Id.* §§ 1105a–1105g.

In this case the Court cannot conclude that joinder would be impracticable. First of all, the potential size of the class is difficult to focus on. Plaintiff has presented summary documents from the Equal Employment Opportunity Commission and Ohio Civil Rights Commission showing that 33 to 36 persons filed race related employ-

ment discrimination charges with those commissions since 1973 (plaintiff's exhibits 2, 4). Defendant challenges the relevancy of the documents because they do not indicate if the charges relate to promotion and retaliation, which are the subjects of plaintiff's complaint. Defendant put forward evidence that only seven employees have filed charges of race discrimination in promotion policies with the two commissions since 1972, and that only two employees have filed charges relating to retaliation (Testimony of Kenneth Victor). This variance in the evidence makes no difference in this case because even if the highest figure of 36 is used, that number is not great enough to cause impracticability of joinder in the circumstances of this case. There has been no direct proof of geographic diversity among the potential class members, but the evidence adduced by plaintiff regarding the charges filed with the two commissions indicates that complaining employees reside in the Cincinnati area. Thus, the geographic diversity of potential class members is minimal. Third, plaintiff's complaint asks for both injunctive relief and damages, but concentrates on monetary relief peculiar to plaintiff's individual grievances. This concentration indicates that the evidence submitted in this case would not bear on conditions relevant to a large number of persons. In sum, the numerosity requirement of Rule 23(a)(1) is not met in this case because of the small number of potential class members, their lack of geographic diversity, and the individual nature of the relief sought.

The commonality and typicality requirements of Rule 23(a)(2) and (a)(3) are also not met in this case. The Court realizes that lawsuits alleging racial discrimination in employment practices are often by their very nature class suits. *Rodriquez, supra*, 431 U.S. at 405, 97 S.Ct. at 1897. A potential class representative's claims must, however, be scrutinized in the light of Rule 23(a) requirements to insure that common questions and typical claims are present. In this case plaintiff's complaint specifically alleges that he was denied a "transfer and promotion to Building Watchman" (doc. 1,

¶ 4). The complaint asserts that such events are typical of defendant's treatment of its black employees but the complaint does not state any supportive factual allegations. Id. ¶ 10. Plaintiff is correct in pointing out that the Sixth Circuit has taken an indulgent view of allegations of employment discrimination, and noted that they establish "'perforce a sort of class action for fellow employees similarly situated.'" *Tipler v. du Pont*, 443 F.2d 125, 130 (6th Cir. 1971). *See McBride v. Delta Air Lines*, 551 F.2d 113, 115–116 (6th Cir. 1977); *Afro-American Patrolman's League v. Duck*, 503 F.2d 294, 298 (6th Cir. 1974). *See also, Parmer v. National Cash Register Co.*, 346 F.Supp. 1043, 1047 (S.D.Ohio, J. Rubin, 1972). In each of the cited cases, however, the plaintiff made factual allegations going to employer personnel policies. *Tipler, supra*, 443 F.2d at 127; *McBride, supra*, 551 F.2d at 117 (J. Weick dissenting); *Duck, supra*, 503 F.2d at 297; *Parmer, supra*, 346 F.Supp. at 1047. Such factual allegations are not made in this case, and without them the Court cannot conclude that common questions of law or fact exist. Neither the evidence adduced at the hearing nor the submissions of counsel would support amendments to the complaint that included such allegations. *See* Fed.R.Civ.P. 15(b). The issues of law and fact presented are peculiar to the plaintiff.

The typicality requirement of Rule 23(a)(3) requires that the Court scrutinize the individual claim of the plaintiff and determine if it has characteristics common to the claims of the class. 3B Moore's Federal Practice ¶ 23.06–2, p. 23–191 (1979). The Sixth Circuit has yet to establish a definitive standard for this determination. *See Cross v. National Trust Life Insurance Co.*, 553 F.2d 1026, 1030 (6th Cir. 1977); *Jacobs v. Martin Sweets Co.*, 550 F.2d 364, 372 (6th Cir. 1977), *cert. denied*, 431 U.S. 917, 97 S.Ct. 2180, 52 L.Ed.2d 227 (1977); *Senter v. General Motors Corp., supra*, 532 F.2d at 524–25. Other courts have, however, developed such a standard, holding that the "typicality provision requires a demonstration that there are other mem-

bers of the class who have the same or similar grievances as the plaintiff." *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977), *cert. denied*, 434 U.S. 856, 98 S.Ct. 177, 54 L.Ed.2d 128 (1977). *See* cases cited in *Id.*, at 830. Applying this standard in this case the Court finds that plaintiff has not, either by affidavit or other means, demonstrated that there are other Cincinnati Bell employees with grievances similar to his, that is, "transfer and promotion to Building Watchman." There has been no showing that others have been similarly affected by the same employment practices. *See Id.*, at 831. The statistical data presented by defendant indicating promotions of black employees in various job classifications tends to show the opposite—that there has been a lack of grievances by black employees regarding transfer and promotion (Defendant's Exhibits 12, 13, 14). Plaintiff's grievances are personal and cannot, on the basis of the evidence presented, be found to have characteristics common to the claims of the class. *See Patterson v. General Motors*, 10 F.E.P. Cases 921 (N.D. Ill.1974).

The Court also concludes that plaintiff cannot adequately represent the interests of the class and therefore fails to fulfill the prerequisite of Rule 23(a)(4). Whether a representative plaintiff can adequately represent the persons on whose behalf he or she is suing depends upon the facts of the particular case. 3B Moore's Federal Practice ¶ 23.07[1], pp. 23–201 (1979). In this case the Court finds the plaintiff to be an inadequate representative for two reasons. First, plaintiff's lack of personal knowledge, as demonstrated on the witness stand, of defendant's employment practices and of fellow employees with grievances indicates that he would be a poor source of information relevant to class-wide claims. *See Hyatt v. United Aircraft Corp.*, 50 F.R.D. 242, 245–46 (D.Conn.1970). Second, plaintiff's personal physical, mental and financial situation make it unlikely that he could vigorously pursue a class action. The medical reports on plaintiff introduced by defendant indicate that plaintiff has suffered physical ailments for at least ten years that have lead to a neurosis that adversely affects his temperament (Defendant's Exhibits 11b, 11c, 11d). These physical and mental factors may affect plaintiff's ability to vigorously participate in the prosecution of a class action, and may also burden his financial resources. Plaintiff stated that he was financially able to prosecute this lawsuit because he had the income of his job and various real estate holdings. The Court is concerned, however, that plaintiff's physical difficulties may hamper his earning power.

In sum, the Court finds that none of the prerequisites set out in Fed.R.Civ.P. 23(a) are met in this case.

The parties have vigorously argued the issue of whether a class action would be appropriate in this lawsuit because at the time the discriminatory act alleged in this case arose defendant was subject to a consent decree with the Equal Employment Opportunity Commission. That consent decree was entered into as a result of race and sex related employment discrimination charges against defendant and other AT&T affiliates. *EEOC v. Am. Telephone & Telegraph*, Civil Action No. 73–149 (E.D.Penn. Jan. 8, 1973). The "inappropriateness" argued by defendants apparently goes to the requirements of Rule 23(b)(2) that declaratory or injunctive relief be "appropriate . . . with respect to the class as a whole."

The Court appreciates the efforts of counsel, but finds that a decision on this issue is unnecessary at this time. Since plaintiff has not fulfilled the prerequisites of Rule 23(a), there is no need to determine if the requirements of Rule 23(b)(2) have been met. In future litigation on this point the Court recommends that counsel review *Rodgers v. U. S. Steel Corp.*, 69 F.R.D. 382 (W.D.Pa.1975).

SO ORDERED.