**Thelma MILLS, Plaintiff,**

v.

**Clare FOX, Individually and as Director of Haym Salomon Home for the Aged, et al., Defendants.**

**No. 76C 32.**

United States District Court, E. D. New York.

Oct. 21, 1976.

---

Joan E. Goldberg, New York City, for plaintiff.

Sabin, Bermant & Blau, New York City, for Clare Fox and Joseph Salzman.

Richard L. Dorn, Sipser Weinstock Harper & Dorn, New York City, for Leon Davis and Larry Baker.

## MEMORANDUM AND ORDER

PLATT, District Judge.

This case was brought by Thelma Mills against various defendants charging discrimination in the termination from her job at the Haym Salomon Home for the Aged under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, *et seq.*), and under 42 U.S.C. § 1983 for violation of her civil rights.

Defendants Clare Fox, Joseph Salzman and the Haym Salomon Home for the Aged move to dismiss under FRCP 12(b)(1) on the grounds that Haym Salomon Home for the Aged ("Home")[1] is exempt from Title VII in that it is not an employer as defined in 42 U.S.C. § 2000e(b).

Further, defendants Leon Davis, Larry Baker and District 1199 National Union of Hospital and Health Care Employees ("Union") move to dismiss under FRCP 12(b)(1) on the grounds that as to Davis and Baker, individual officers and agents of a union may not be sued under 42 U.S.C. § 2000e, and because the plaintiff failed to file a charge against Davis and Baker with the Equal Employment Opportunity Commission ("EEOC"). The Union moves to dismiss on grounds that the plaintiff has failed to exhaust her administrative remedies.

The Union also moves to dismiss under FRCP 12(b)(6) on the grounds that the complaint fails to state a claim upon which relief may be granted because the complaint fails to allege any discriminatory conduct by the Union, and because the plaintiff has failed to exhaust her internal Union remedies.

In the alternative, defendants move to strike paragraphs numbered 2 and 3 of the complaint under FRCP 12(f) on the grounds that punitive damages and attorneys' fees are not authorized in an action founded on 42 U.S.C. §§ 2000e or 1983.

■ We turn first to a problem not raised by defendants' motions but which was argued by the parties in their briefs. For an action under 42 U.S.C. § 1983 there must be jurisdiction under 28 U.S.C. § 1343 which requires that the acts complained of were done "under color of state law." There is no such allegation in plaintiff's complaint. Plaintiff does assert in her memorandum in opposition to the motion that the Home is "a recipient of state benefits in terms of tax exemptions, financial assistance and is dependent on assistance of the state and federal government to the extent that it could not in all probability operate without them . . . and is subject to extensive and pervasive state regulation . . ."

---

1. Neither the Home nor the Union is named in the caption to the complaint, but there are allegations against each of them as a "defendant" in the body of the complaint. Since in this opinion we dismiss the complaint as to the Union with leave to amend, if the plaintiff does amend the allegations in her complaint against the Union, then she should amend the caption to reflect these new allegations against the Union and to reflect the present allegations against the Home. If plaintiff does not so amend her complaint, she should by stipulation or motion seek to amend the caption as to the Home.

The Supreme Court has discussed the problem of state action in a long line of cases. *District of Columbia v. Carter*, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972); *Evans v. Abney*, 396 U.S. 435, 90 S.Ct. 628, 24 L.Ed.2d 634 (1970); *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961). In *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974), the Court decided that a public utility was not acting for the State as follows, 419 U.S. at 358, 95 S.Ct. at 457:

". . . In common with all corporations of the State it pays taxes to the State, and it is subject to a form of extensive regulation by the State in a way that most other business enterprises are not. . . .

\* \* \* \* \* \*

". . . Under our decision this is not sufficient to connect the State of Pennsylvania with respondent's action so as to make the latter's conduct attributable to the State for purposes of the Fourteenth Amendment."

■ If anything, there is even less reason to find state action by a nursing home than by a public utility. Therefore plaintiff's action under 42 U.S.C. § 1983 is dismissed.

The next and most difficult of defendants' contentions is that the Home is exempt from coverage under 42 U.S.C. § 2000e because the Home is not an employer as defined in § 2000e(b). The defendants claim that they fit within the section of § 2000e(b) that says an employer shall not include "a bona fide private membership club (other than a labor organization) which is exempt from taxation under section 501(c) of Title 26 . . ." There is no dispute that the Home is exempt from taxation under 26 U.S.C. § 501(c), and so the sole question is whether the Home is a "bona fide private membership club."

In support of the contention that the Home is such a club, defendants rely almost exclusively on the case of *Barrister v. Stineberg*, 1 Employment Practices Decisions ¶ 9806 (S.D.N.Y.1967). In that case Judge Bonsal held that the Mount Sinai Hospital was exempt from coverage under 42 U.S.C. § 2000e. The Court's sole discussion of why the hospital was exempt is as follows:

"Insofar as the 1964 Act is concerned, the hospital as a private membership corporation exempt from federal taxation is not an 'employer' subject to the provisions of the Act relating to employment practices. 42 U.S.C. § 2000e(b)."

Unfortunately the Court does not discuss why the Mount Sinai Hospital is a "bona fide private membership club." This problem is particularly troublesome in view of *United States v. Medical Society of South Carolina*, 298 F.Supp. 145 (D.S.C.1969). In that case the Court held that the Roper Hospital of Charleston, South Carolina, was an employer under § 2000e. The Court's discussion of why the hospital was not exempt is as follows (298 F.Supp. at p. 152):

"Since Roper Hospital has approximately 523 employees, it is an employer within the meaning of 42 U.S.C. § 2000e(b)."

In neither case cited above does the Court state what attributes of the hospital included or excluded it from the definition of a "bona fide private membership club." Thus they are of little help in determining whether the nursing home in question here is such a club. Furthermore there appear to be no other cases defining that term as used in § 2000e(b).

■ However, as the plaintiff points out, there are a number of cases interpreting a similar term in an earlier section of the Civil Rights Act of 1964. In 42 U.S.C. § 2000a(e), in a section prohibiting discrimination in places of public accommodation, an exemption is granted to "a private club or other establishment not in fact open to the public . . ." A number of courts have interpreted this section, but defendants contend that since the wording of § 2000a(e) is not identical to the wording of § 2000e(b), Congress intended two different meanings for the two sections. However,

in both sections the words "private " and "club" are used and the proximity of these sections in the same Act indicates that Congress probably intended to exempt the same "private clubs" under § 2000a(e) as it did under § 2000e(b).

Under 42 U.S.C. § 2000a(e) the Court in *Cornelius v. Benevolent Protective Order of Elks*, 382 F.Supp. 1182, 1203 (D.Conn.1974), provided a summary of the factors determining whether an organization is or is not a private club:

> "The remaining question is whether the Groton Elks is a 'private club' within the meaning of the exemption to the 1964 Civil Rights Act. The case law reveals that a number of factors govern whether an organization is a 'private club.' The most important include: (a) the selectiveness of the group in the admission of members, *Tillman · v. Wheaton-Haven Recreation Ass'n*, 410 U.S. 431, 93 S.Ct. 1090, 35 L.Ed.2d 403 (1973); *Nesmith v. Y.M.C.A.*, 397 F.2d 96 (4th Cir. 1968); (b) the existence of formal membership procedures, *United States v. Jack Sabin's Private Club*, 265 F.Supp. 90 (E.D.La. 1967); *Stout v. Y.M.C.A.*, 404 F.2d 687 (5th Cir. 1968); (c) the degree of membership control over internal governance, particularly with regard to new members, *Daniel v. Paul*, 395 U.S. 298, 89 S.Ct. 1697, 23 L.Ed.2d 318 (1969); *United States v. Jordan*, 302 F.Supp. 370 (E.D. La.1969); (d) the history of the organization, *e. g.*, was it created or did it make insubstantial changes in its prior operation in order to avoid the impact of civil rights legislation?, *Jordan, supra*; (e) the use of club facilities by non-members, *Williams v. Rescue Fire Co.*, 254 F.Supp. 556 (D.Md.1966), *Jack Sabin's Private Club, supra*; (f) the substantiality of dues, *Jordan, supra*; (g) whether the organization advertises, *Daniel, supra, Jordan, supra*; (h) the predominance of profit motive, *Williams, supra. See generally, Jordan, supra*, 302 F.Supp. at 375–376."

It would seem that the Home would fail almost all these tests in that a nursing home providing services to the aged for a price would not be a private "club" in any usual sense of the word.

■ Furthermore, the courts have repeatedly stated that "Titles II and VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a et seq., and 2000e et seq., are to be accorded a liberal construction in order to carry out the purpose of Congress to eliminate the inconvenience, unfairness, and humiliation of racial discrimination." *United States v. Medical Society of South Carolina, supra,* at p. 151; *Hamm v. City of Rock Hill*, 379 U.S. 306, 85 S.Ct. 384, 13 L.Ed.2d 300 (1964); *Nesmith v. Young Men's Christian Association of Raleigh, N.C.*, 397 F.2d 96 (4th Cir. 1968); *Miller v. Amusement Enterprises, Inc.*, 394 F.2d 342 (5th Cir. 1968).

■ Therefore, construing the Act liberally and considering that the Home does not resemble a private club, this Court holds that the Home is not exempt from coverage under 42 U.S.C. § 2000e(b), and so defendants' motion to dismiss under FRCP 12(b)(1) must be denied.

■ Next, the Union moves to dismiss under FRCP 12(b)(1) as against the defendants Davis and Baker on the grounds that individual officers and agents of a union cannot be sued under § 2000e. We do not agree. Title 42 U.S.C. § 2000e(d) clearly states that the "term 'labor organization' means a labor organization engaged in an industry affecting commerce, and *any agent of such an organization* . . ." (emphasis added).

■ Davis and Baker move to dismiss because the plaintiff did not file a claim against them with the EEOC which is a necessary prerequisite to jurisdiction under 42 U.S.C. § 2000e–5(f). However, plaintiff did file a complaint with the EEOC against the Union and since under § 2000e(d), as quoted above, the term labor organization includes "any agent of such an organization", filing a claim against the Union is sufficient to file a claim against the Union's agents, Davis and Baker.

■ The Union moves to dismiss under FRCP 12(b)(1) on the grounds that the plaintiff failed to exhaust her administrative remedies by not filing a complaint with the appropriate State agency as required by 42 U.S.C. § 2000e–5(c). However, plaintiff alleges in the affidavit in opposition to defendants' motion that the EEOC filed her complaint with New York Commission on Human Rights. This satisfies the requirement of § 2000e–5(c), *Leisner v. New York Telephone Co.,* 358 F.Supp. 359, p. 362 n. 1 (S.D.N.Y.1973). *See Love v. Pullman Co.,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972).

■ The Union also argues that plaintiff's complaint should be dismissed because she has failed to exhaust her internal union remedies. The courts have not always required this, *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *Cooper v. General Dynamics,* 378 F.Supp. 1258 (N.D.Tex.1974). It especially makes little sense here, where plaintiff alleges that the Union "returned her initiation fee," and thus she is not a member of the Union at all.

■ We turn next to the Union's motion to dismiss under FRCP 12(b)(6) because the complaint fails to allege any discriminatory conduct by the Union. The sole allegation against the Union in the complaint is as follows:

"(b) That the Union failed to properly represent her and returned her initiation fee"

This is not sufficient to meet the requirements of 42 U.S.C. § 2000e–2(c) which makes illegal union *discrimination* on the basis of sex, not just improper representation, *Local Union No. 12, United Rubber, C. L. & P. Workers of America,* 368 F.2d 12, 24 (5th Cir. 1966), *cert. denied,* 389 U.S. 837, 88 S.Ct. 53, 19 L.Ed.2d 99, *rehearing denied,* 389 U.S. 1060, 88 S.Ct. 762, 19 L.Ed.2d 866. Thus plaintiff's claim against the Union, Davis and Baker is dismissed, but the plaintiff is given leave to amend her pleadings to allege discriminatory acts by the Union or its agents if in fact such acts occurred.

■ Finally, the defendants move under FRCP 12(f) to strike the paragraphs of the complaint relating to attorneys' fees and punitive damages. First of all, attorneys' fees are clearly authorized under 42 U.S.C. § 2000e–5(k), so this part of the motion is denied. As to punitive damages, there is some question, but the general holding of the courts is that punitive damages are not authorized under 42 U.S.C. § 2000e. *EEOC v. Detroit Edison Co.,* 515 F.2d 301, 308–309 (6th Cir. 1975); *Van Hoomissen v. Xerox Corp.,* 368 F.Supp. 829 (N.D.Cal.1973), *remanded,* 497 F.2d 180 (9th Cir. 1974); *Howard v. Lockheed-Georgia Co.,* 372 F.Supp. 854 (N.D.Ga.1974); *Loo v. Gerarge,* 374 F.Supp. 1338 (D.Hawaii 1974). This part of the motion should be granted.

In summary, plaintiff's action under 42 U.S.C. § 1983 is dismissed. Defendants' motion to strike the paragraph of plaintiff's complaint relating to punitive damages is granted, and the motion of defendants Baker, Davis and the Union to dismiss as to them for failure to allege discrimination by them is granted, but plaintiff is given leave to amend her pleadings to allege acts of discrimination by those defendants, if such acts occurred. All other motions are denied.

SO ORDERED.