Alan PECORELLA, Plaintiff,

v.

OAK ORCHARD COMMUNITY HEALTH CENTER, INC., and Albert Campagna, Chief Administrator, Oak Orchard Community Health Center, Inc., Defendants.

No. CIV–82–685T.

United States District Court, W.D. New York.

Oct. 13, 1982.

Emmelyn Logan-Baldwin, Rochester, N.Y., for plaintiff.

Davidson, Fink, Cook & Gates, Rochester, N.Y., for defendants.

## MEMORANDUM DECISION and ORDER

TELESCA, District Judge.

### FACTS

This is an employment discrimination action wherein plaintiff has moved for a preliminary injunction pursuant to F.R.Civ.P. 65. The defendant has cross-moved under F.R.Civ.P. 12(b) for an order dismissing the action. The parties have both submitted lengthy moving papers and legal memorandum and have been allowed to fully argue their positions in open court.

The relevant facts, for the purpose of these motions, can be summarized as follows. Plaintiff, a white male, was allegedly offered the job of "physician's assistant" by the defendant, Oak Orchard Community Health Center (Oak Orchard) on June 11, 1982. Although the dollar amount of the salary offered plaintiff is in dispute, both parties agree that plaintiff was directed by Mr. Albert Campagna, Chief Administrator of the Health Center, not to disclose the salary terms plaintiff was being offered. Plaintiff alleges that Campagna told him that if the Health Center's current female physician's assistant knew the terms of plaintiff's job offer, it would "put them in a difficult position". (¶ 16 of plaintiff's complaint)

On July 9, 1982 plaintiff received a mailgram from Oak Orchard advising him that the job offer was being withdrawn. The mailgram stated this action was being taken as a result of plaintiff's violation of "our confidential agreement". Both parties agree that the term "confidential agreement" refers to defendant's request that plaintiff not disclose the salary terms of the June 11th job offer.

Plaintiff then initiated the instant lawsuit, alleging eleven (11) separate causes of action, including violations of Title VII of the Civil Rights Act of 1964; the Equal Pay Act; Executive Order 11246; the First and Fourteenth Amendment to the Constitution, as well as "other government regulations and statutes prohibiting a government contractor from engaging in employment discrimination". The complaint also contains several causes of action based upon breach of contract, defamation and harassment which the plaintiff requests the Court entertain under the doctrine of pendant jurisdiction.

### Plaintiff's Motion for a Preliminary Injunction

Plaintiff moves this Court for a preliminary injunction restraining defendant from taking any actions which would interfere with his assuming the position of physician's assistant at the Oak Orchard Community Health Center.

The motion is denied.

Interim injunctive relief is "an extraordinary remedy which should not be routinely granted". *Medical Society of New York v. Toia,* 560 F.2d 535, 538 (2nd

Cir.1977). Before such relief may be granted, the plaintiff must demonstrate, *inter alia,* either a likelihood of success on the merits of his claim or sufficiently serious questions going to the merits to make them a fair ground for litigation *and* a balance of hardships tipping decidedly in his favor. *Doe v. New York University,* 666 F.2d 761, 773 (2nd Cir.1981). After careful consideration of the lengthy pleadings and memorandum submitted in this matter, and based upon the reasons outlined specifically below, I find plaintiff unable to meet this necessary burden and accordingly deny his motion for a preliminary injunction.

### Defendant's Motion to Dismiss the Complaint

#### 1. Plaintiff's Title VII Cause of Action:

■ 42 U.S.C. § 2000e–2 makes it an unlawful employment practice for an employer to discharge, refuse to hire or otherwise discriminate against an individual with respect to wages or terms of employment because of such individual's sex. After receiving an EEOC notice of the right to sue, "the person claiming to be aggrieved" may institute a civil action in Federal District Court. 42 U.S.C. § 2000e–5(f)(1). To have standing as a "person aggrieved" under Title VII the plaintiff must show that (1) he has actually suffered an injury *and* (2) that the "interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute . . . in question." *Data Processing v. Camp,* 397 U.S. 150, 152–153, 90 S.Ct. 827, 829, 25 L.Ed.2d 184 (1970); *Curran v. Portland School Committee of Maine,* 435 F.Supp. 1063 (D.Maine 1977).

■ Applying these principles to this case, I find plaintiff not to be within the "zone of interests" which Congress intended to protect by the enactment of Title VII. Plaintiff is in essence claiming that defendant engaged in sex discrimination by offering him a *higher* wage than defendant paid an already existing female employee. If there is in fact any actionable sex discrimination under these facts, I find plaintiff to be the wrong person to complain. *See Linskey v. Heidelberg Eastern Inc.,* 470 F.Supp. 1181, 1187 (E.D.N.Y.1979) (plaintiff lacked standing to complain that defendant engaged in discriminatory practices against women). Accordingly, defendants' motion to dismiss plaintiff's Title VII cause of action is granted.[1]

#### 2. Plaintiff's Equal Pay Act Cause of Action:

■ The Equal Pay Act forbids employers from creating discriminatory wage differentials on the basis of sex for jobs which involve and require equal skill, effort and responsibility and which are performed under similar working conditions. 29 U.S.C. 206(d)(1). Like the gender component of Title VII, the Equal Pay Act was enacted "primarily to protect women against discrimination in the marketplace and to open employment opportunities for women in occupations that had traditionally been closed to them." *LaRiviere v. EEOC,* 28 F.E.P. 1481, 1483–1484 (9th Cir.1982).

Plaintiff alleges that the defendant pays a female physician's assistant less wages for a similar job. Even assuming the truth of that allegation, it seems clear that the individual aggrieved by such action is the lower paid female employee and not the plaintiff. Such female employee is not a party to this action, nor is there any evidence that she feels she was unfairly discriminated against. Plaintiff has not alleged a cause of action under the Equal Pay Act. *See DeFiguerdo v. TWA,* 28 F.E.P. 147 (S.D.N.Y.1981).

#### 3. Executive Order 11246 Cause of Action:

■ Plaintiff's third cause of action alleges that defendant engaged in sex discrimination in violation of Executive Order

---

1. I need not specifically address plaintiff's claim that defendant engaged in a "retaliatory discharge" within the meaning of 42 U.S.C. 2000e–3(a), for plaintiff has failed to demonstrate that "he opposed any practice made an unlawful employment practice by this [statute]" *Id.*

11246, 30 Fed.Reg. 12319 (1965). Even assuming that allegation to be correct, this cause of action must nonetheless be dismissed. Executive Order 11246 does not provide for a privately maintainable cause of action. Rather, enforcement of the Executive Order is limited to the Department of Labor. *See Weise v. Syracuse University,* 522 F.2d 397, 411, n. 23 (2nd Cir.1975).

*4. Other Federal Causes of Action:*

Plaintiff alleges that the defendant's actions violate his constitutional rights of freedom of speech, equal protection and due process. These causes of action are clearly without merit and accordingly are dismissed as well. *See 2A Moore's Federal Practice* ¶ 12.08 at 2266 (2nd ed. 1975).

CONCLUSION

Having found plaintiff not entitled to a preliminary injunction and having determined that plaintiff's federal causes of action should be dismissed, this Court lacks jurisdiction to proceed further. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Plaintiff may very well have a cause of action in state court for breach of an employment contract and this decision does not impair his right to seek enforcement of that cause of action in state court. Plaintiff's complaint however has failed to properly invoke the jurisdiction of this Court and defendant's motion to dismiss the complaint must therefore be granted.

ALL OF THE ABOVE IS SO ORDERED.