762 F.2d 1
 L & L STARTED PULLETS, INC., Avian Bates Farms, Inc.,
Mountain Pride Farmers, Inc., a wholly owned subsidiary of
Intercounty Farmer Co-operative Association, a New York
cooperative association, class plaintiffs, for themselves
and on behalf of a class similarly situated and The Grand
Union Company, a Delaware Corporation, Plaintiffs-Appellants,
v.
Simon P. GOURDINE, as Commissioner of Department of Consumer
Affairs of City of New York, and the City of New
York, Defendants-Appellees.
 No. 886, Docket 84-7704.
 United States Court of Appeals,
Second Circuit.
 Argued March 6, 1985.
Decided May 1, 1985.
 
 Gerald Orseck, Liberty, N.Y. (Orseck, Orseck & Greenberg, Liberty, N.Y., on the brief), for plaintiffs-appellants.
 Kristin M. Helmers, New York City (Frederick A.O. Schwarz, Jr., Corp. Counsel of the City of New York, Stephen J. McGrath, New York City, on the brief), for defendants-appellees.
 Before TIMBERS, NEWMAN and KEARSE, Circuit Judges.
 KEARSE, Circuit Judge:
 
 
 1
 Plaintiffs L & L Started Pullets, Inc., Avian Bates Farms, Inc., Mountain Pride Farmers, Inc. (collectively the "producer plaintiffs"), and The Grand Union Company appeal from a judgment of the United States District Court for the Southern District of New York, Abraham D. Sofaer, Judge, dismissing their complaint for, inter alia, declaratory and injunctive relief prohibiting defendants Simon P. Gourdine and the City of New York (collectively the "City") from enforcing City and New York State laws and regulations governing minimum weight requirements for various classes of shell eggs sold in New York City on the ground that those regulations are preempted by federal laws and constitute an impermissible burden on commerce. The district court granted the City's motion for summary judgment on the ground that the federal laws were not intended to preempt local regulation and that the City's practice of permitting deviation from published minima to allow for weight loss during shipment negated any conflict with the federal regulatory scheme and any undue burden on commerce. On appeal, plaintiffs renew their constitutional attacks on the City's regulations and contend that the case should not have been decided on summary judgment. We disagree and affirm the judgment of the district court.
 
 I. BACKGROUND
 A. The Published Regulatory Schemes
 
 2
 The producer plaintiffs' eggs are produced at plants subject to a voluntary federal inspection program pursuant to the Agricultural Marketing Act of 1946, 7 U.S.C. Sec. 1621, et seq. (1982 & Supp.1985). Regulations promulgated pursuant to this statute set forth minimum net weight requirements for each class of eggs but provide that "[c]ompliance with [these] regulations ... shall not excuse failure to comply with any other Federal, or any State, or municipal applicable laws or regulations." 7 C.F.R. Sec. 56.8 (1985). The Shell Egg Graders Handbook of the Poultry and Dairy Quality Division, Food Safety and Quality Service, United States Department of Agriculture ("USDA"), contains detailed information on the technical aspects of the voluntary inspection program and states that it is "the responsibility of management to pack eggs which will meet grade requirements at destination." Id. Sec. 11, at 1.
 
 
 3
 In addition, the producer plaintiffs' eggs are governed by (1) the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. Sec. 301, et seq. (1982 & Supp.1985), which, inter alia, requires food in packaged form to bear a label stating accurately the quantity of the contents in terms of weight, measure, or numerical count; the statute and a regulation promulgated thereunder permit reasonable variations from the stated quantity of the contents caused by, inter alia, loss or gain of moisture during the course of good distribution practice, see 21 U.S.C. Sec. 343(e); 21 C.F.R. Sec. 101.105(q) (1984); and (2) the Fair Packaging and Labeling Act, 15 U.S.C. Sec. 1451, et seq. (1982 & Supp.1985), which prescribes the placement, form, and contents of a label's statement of the quantity of packaged goods, and which by its terms supersedes all local regulation that is less stringent or requires different information.
 
 
 4
 The Agriculture & Markets Law of the State of New York prohibits the false labeling of packaged goods, see N.Y.Agric. & Mkts.Law Sec. 194 (McKinney Supp.1984-1985), and a regulation promulgated thereunder provides, in pertinent part, as follows:
 
 
 5
 (a) For food and food products (other than meats, meat food products and poultry), the declaration of net quantity of contents shall express an accurate statement of the quantity of contents of the package. Reasonable variations caused by loss or gain of moisture during the course of good distribution practice or by unavoidable deviations in good manufacturing practice will be recognized. Variations from stated quantity of contents shall not be unreasonably large.
 
 
 6
 1 N.Y.C.R.R. Part 221.10(b) (1984).
 
 
 7
 The Administrative Code of the City forbids the sale in New York City of shortweight products, including eggs, see New York, N.Y., Admin.Code ch. 36, tit. A, Sec. 833-16.0 (1977), and the City's Commissioner of Consumer Affairs has published regulations adopting as the City's minimum net weight requirements for various grades of eggs the minimum requirements established by the USDA.
 
 B. The Present Lawsuit
 
 8
 One factor that may cause packaged eggs to be found short in weight is that eggshells, though impervious to outside moisture, permit the escape of air, other gases, and moisture from within. The loss of these fluids causes fresh eggs to lose weight progressively after they are laid. Refrigeration can lessen but cannot eliminate this shrinkage during transit and storage.
 
 
 9
 The producer plaintiffs brought the present action as a class action on behalf of themselves and other producers, complaining that eggs that have passed the federal inspection at their plants have been reweighed by the City after arrival at the stores and have been found below the City's minimum weights. Relying on Jones v. Rath Packing Co., 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977), plaintiffs contended principally that such reweighing was impermissible because the federal statutes described above preempted the City's regulation of egg weights and because the City's regulations made no allowance for the eggs' weight loss during transit and hence conflicted with the federal scheme and burdened interstate commerce. Both sides moved for summary judgment.
 
 
 10
 Defendants, in support of their motion for summary judgment, submitted, inter alia, an affidavit of Dale C. Kutzbach, Deputy Commissioner and General Counsel of the City's Department of Consumer Affairs (the "Department"), stating, inter alia, that "[f]or purposes of determining whether or not eggs are shortweight, the Department gives an allowance for moisture loss during the course of good distribution practice." An accompanying affidavit of Stuart Rosenthal, Director of the Department's Adjudication Division ("Rosenthal Affidavit"), set forth the schedule of deviation permitted by the City ("permissible deviation schedule") from its published minimum net weights for each class of eggs. The Rosenthal Affidavit stated that individual packages of eggs were not considered to be in violation of the City's minimum weight requirements unless they were below those requirements by more than the amount set out in the permissible deviation schedule and that the standards set forth in the permissible deviation schedule are applied both by the Department's field inspectors at the time of their initial inspections of eggs in the stores and by the Adjudication Division on review of any summonses issued.
 
 
 11
 In an opinion reported at 592 F.Supp. 367 (1984), familiarity with which is assumed, Judge Sofaer granted summary judgment in favor of defendants. The court concluded that the federal statutory scheme was designed to allow local regulation of the quantification of packaged food; that the federal and local laws were consistent and provided no obstacle to the accomplishment of Congress's objectives since the City's regulations, as modified by the permissible deviation schedule, allowed for weight loss during transit; and that since the City treated New York and non-New York producers alike, there was no burden on commerce. Judgment was entered dismissing the complaint.
 
 II. DISCUSSION
 
 12
 On appeal, plaintiffs renew their substantive attacks on the City's regulations and contend that the granting of summary judgment against them was improper because there exist genuine issues of fact as to the existence of the permissible deviation schedule and the reasonableness of the amounts of deviation thereby tolerated. We have considered all of plaintiffs' arguments and are unpersuaded.
 
 A. The Propriety of Summary Judgment
 
 13
 In order to defeat a motion for summary judgment supported by proof of facts that would entitle the movant to judgment as a matter of law, the nonmoving party is required under Fed.R.Civ.P. 56(e) to set forth specific facts showing that there is a genuine issue of material fact to be tried. SEC v. Research Automation Corp., 585 F.2d 31, 33-35 (2d Cir.1978); Gatling v. Atlantic Richfield Co., 577 F.2d 185, 187-88 (2d Cir.), cert. denied, 439 U.S. 861, 99 S.Ct. 181, 58 L.Ed.2d 169 (1978). If facts essential to support opposition to the summary judgment motion are not available, the nonmoving party may seek a continuance under Rule 56(f) to permit affidavits to be obtained or discovery to be had. He may not, however, rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible. Wyler v. United States, 725 F.2d 156, 160 (2d Cir.1983); Curl v. IBM Corp., 517 F.2d 212, 214 (5th Cir.1975), cert. denied, 425 U.S. 943, 96 S.Ct. 1683, 48 L.Ed.2d 187 (1976), or "upon the mere allegations or denials of his pleading," Fed.R.Civ.P. 56(e).
 
 
 14
 In the present case, the City supported its motion with the Rosenthal Affidavit showing in greater detail than was available from the published regulations the City's actual requirements for egg weights. Plaintiffs made no opposing presentation that disputed the existence of the permissible deviation schedule set forth by Rosenthal. On this issue, both their statement pursuant to Rule 3(g) of the Local Rules of the Southern District of New York and their supporting affidavit merely quoted the contention set forth in their complaint that " '[t]he defendants wrongfully apply the same weight test standards at the place of retail distribution many weeks later after the subject eggs have been weighed and graded by the U.S.D.A. inspectors at plaintiffs' plants.' " Rule 56(e) explicitly states that reliance solely on the allegations of the pleading is insufficient to withstand the motion. Yet plaintiffs submitted no affidavit from any person having knowledge suggesting that the City did not in fact apply the permissible deviation schedule as set forth in the City's moving affidavits. Nor did they seek discovery in order to develop any facts that might have contravened the City's presentation.
 
 
 15
 Further, although on this appeal plaintiffs contend that the deviation tolerances described in the Rosenthal Affidavit are unreasonably small and hence do not save the City's regulatory scheme from preemption, they concede that they made no argument to the district court that the tolerances were unreasonable. In the circumstances, plaintiffs' opposition to defendants' motion did not meet the requirements of Rule 56(e).
 
 
 16
 We note in passing that we find it difficult to understand why the City has kept its effective modification of its published regulations to itself. If, as appears from the Rosenthal Affidavit, there is a schedule of permitted deviation, it would seem fair and proper that this information be made available to the egg producers and the public. Nonetheless, plaintiffs having made no showing to suggest that the permissible deviation schedule is not in fact applied, and having made no argument to the district court that the tolerances there set forth are unreasonable or unlawful for lack of publication, there was no showing of a genuine issue of material fact to prevent the granting of summary judgment.
 
 B. The Merits
 
 17
 As to the merits of plaintiffs' claims, we agree with Judge Sofaer that the City's regulation of egg weights is not preempted by federal law and does not constitute a burden on commerce for the reasons stated in his well-reasoned opinion, which we adopt.
 
 CONCLUSION
 
 18
 The judgment of the district court dismissing the complaint is affirmed.