Patricia K. McPARTLAND, Plaintiff,

v.

**AMERICAN BROADCASTING COMPANIES, INC.,**
**Defendant.**

**No. 83 Civ. 0471 (PKL).**

United States District Court,
S.D. New York.

Aug. 2, 1985.

---

Patricia K. McPartland, pro se.

Roberts & Finger, New York City, for defendant; Joel L. Finger, A. Michael Weber, of counsel.

## OPINION AND ORDER

LEISURE, District Judge:

American Broadcasting Companies, Inc. ("ABC") hired plaintiff on September 11, 1973, as a research supervisor for its radio network. When the Director of Research,

plaintiff's supervisor, resigned, thirteen candidates, including plaintiff, were considered for the position. The position was filled on July 5, 1977, with a male candidate. Plaintiff likewise applied for and was not selected when the position of Manager of Pricing and Estimate, Television, was filled with a male candidate on November 7, 1977.

On April 12, 1978, plaintiff filed a sex discrimination charge with the Equal Employment Opportunity Commission ("EEOC") (hereinafter referred to as "Charge No. 1"). She alleged ABC denied her a promotion, a transfer and an appropriate title for the work she performed. On April 25, 1978, the EEOC deferred the case to the New York City Commission on Human Rights ("CCHR"). On July 10, 1978, plaintiff filed a sex discrimination complaint against ABC with the CCHR. She alleged that ABC denied her advancement and promotion opportunities, a transfer to the television research department, appropriate title, the opportunity to attend management training seminars and sales planning meetings, salary increases, and that ABC treated her in a humiliating and demeaning fashion.

Plaintiff's application for the position of Director of Research and Sales; WABC–TV, was denied in September 1978, when the position was filled by a male candidate. Plaintiff's November 1978 application for the position of Director of the Contemporary Network, Radio Network, was similarly unsuccessful when a male candidate was hired on November 20, 1978. On August 24, 1979, the CCHR issued a "no probable cause" notice.

On September 24, 1979, plaintiff was placed on 30-days probation because her performance was inadequate and unsatisfactory. On October 9, 1979, plaintiff filed a charge with the EEOC (hereinafter referred to as "Charge No. 2"), which accused ABC of harassment and alleged that the 30-days probation was imposed in retaliation for her filing charges with the EEOC and the CCHR. On March 30, 1980, plaintiff amended Charge No. 2 to clarify and

reaffirm the retaliation allegation (hereinafter referred to as "Charge No. 3"). On January 16, 1981, ABC fired plaintiff due to incompetency, unsatisfactory performance, disorganization, failure to follow instructions and alienation of fellow workers.

ABC's annual employee performance evaluations are scored on a scale of "1" to "5", with "5" constituting a superior performance and "1" denoting a marginal performance. A "2" rating represents a "fair" performance. For the years 1977, 1979 and 1980 plaintiff received a "2" rating for her annual evaluation. In 1978, plaintiff received a performance rating of "4", meaning very good.

On February 5, 1982, plaintiff amended EEOC Charge No. 3 to include a new allegation of discriminatory discharge (hereinafter referred to as "Charge No. 4"). On January 27, 1982, the EEOC dismissed Charge No. 1 and issued a Right to Sue Notice. On October 22, 1982, at plaintiff's request, the EEOC issued a Right to Sue Notice with regard to Charge Nos. 2, 3 and 4. The EEOC discontinued any further processing of the charges.

On January 14, 1983, plaintiff commenced this action. Her complaint alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and all applicable Executive Orders, and requests equitable relief and money damages. She also alleges jurisdiction based on 42 U.S.C. § 2000 *et seq.;* § 717(a) of Title VII, 42 U.S.C. § 2000e–16; 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202; 42 U.S.C. §§ 1983, 1985(3) and 1988; United States Constitution Amendments I, V and XIV; and New York Constitution Article I, § 1. Plaintiff's discrimination and retaliation claims are consistent with those alleged in her EEOC charges, except she further alleges discrimination on the basis of age.

Defendant has moved for an order granting partial summary judgment and dismissing plaintiff's claims arising under the various statutory and constitutional provisions set forth above. In addition defendant has moved to dismiss plaintiff's claims for

blacklisting, reinstatement, back pay and compensatory and punitive damages.

*Preliminary Discussion*

Throughout this action plaintiff has asked the Court to consider her claims in the context of two particular legal theories. It is important to address these theories at the outset. First, she asks the Court to consider that she is proceeding in this action *pro se*. Second, plaintiff argues that her case rests upon a theory of continuing discrimination.

Complaints are to be construed liberally and *pro se* complaints deserve even greater latitude in construction. *See, e.g., United States v. Zibilich*, 542 F.2d 259, 260 (5th Cir.1976). Consistent with her *pro se* status, plaintiff asks the Court to grant her special consideration with regard to the procedural technicalities of the relevant law. *See, e.g., Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983).

I am well aware that "lay complainant's charges are to be construed broadly and in a liberal manner in order to effect the remedial and humanitarian underpinnings of Title VII," *EEOC v. Western Publishing Co.*, 502 F.2d 599, 603 (8th Cir.1974). I also note, however, that plaintiff was represented by counsel from April 1978 through June 1982. I will take both circumstances into consideration in deciding the instant motion.

Defendant argues that certain of plaintiff's claims are time-barred. Plaintiff responds that her claim should be considered timely because she is a victim of continuing discrimination. In *Zipes v. Trans World Airlines*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court stated that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Id.* at 393, 102 S.Ct. at 1132 (footnote omitted). In the event a discrete act of discrimination does not form the basis for a discrimination charge, the doctrine of continuing discrimination may exempt a plaintiff from the strict time requirements of Title VII. The reason for this is "to provide a remedy for past actions which operate to discriminate against the complainant at the present time." *Olsen v. Rembrandt Printing Co.*, 511 F.2d 1228, 1234 (8th Cir.1975). No doubt ABC's decision to terminate plaintiff's employment continues to affect her, however, the critical question is not whether ABC's past actions have current consequences. "[T]he emphasis should not be placed on mere continuity; the critical question is whether any present *violation* exists." *United Air Lines v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977) (emphasis supplied).

■ To demonstrate a continuing violation a plaintiff must show "a series of related acts, one or more of which falls within the limitations period, or the maintenance of a discriminatory system both before and during the [limitations] period." *Valentino v. United States Postal Service*, 674 F.2d 56, 65 (D.C.Cir.1982) (quoting B. Schlei & P. Grossman, *Employment Discrimination Law* 232 (1979)). *See, e.g., Rich v. Martin Marietta Corp.*, 522 F.2d 333, 337 (10th Cir.1975) ("Generally, the statistics presented ... show blacks and Spanish-Americans to be concentrated ... where they tend not to be promoted"); *Macklin v. Spector Freight Systems, Inc.*, 478 F.2d 979, 983 (D.C.Cir.1973) (Defendant "maintain[s] a practice of refusing to hire blacks ..."); *Corbin v. Pan Am World Airways, Inc.*, 432 F.Supp. 939, 944 (N.D. Cal.1977) ("Plaintiff's claims of a repeated failure to promote and a denial of equal pay involve ongoing aspects of [a current] employer-employee relationship"). Completed acts, such as termination through discharge or resignation, *Olson v. Rembrandt Printing Co.*, 511 F.2d at 1234; a job transfer, *Younger v. Glamorgan Pipe & Foundry Co.*, 310 F.Supp. 195, 197 (W.D. Va.1969); or discontinuance of a particular job assignment, *Gordon v. Baker Protective Services, Inc.*, 358 F.Supp. 867, 869 (N.D.Ill.1973), are not acts of a "continuing" nature.

A plaintiff may not circumvent Title VII's stringent time limits merely by characterizing a completed act of discrimination as a "continuing violation," such as plaintiff has alleged. *Delaware State College v. Ricks*, 449 U.S. 250, 257, 101 S.Ct. 498, 503, 66 L.Ed.2d 431 (1980). Conclusory allegations of discrimination are insufficient to satisfy the requirements of Fed.R. Civ.P. 56(e) that the party opposing summary judgment must set forth specific facts demonstrating that a genuine issue of material fact exists. *See L & L Started Pullets, Inc. v. Gourdine*, 762 F.2d 1 (2d Cir.1985); *Meiri v. Dacon*, 759 F.2d 989 (2d Cir.1985); *Quarles v. General Motors Corp. (Motors Holding Division)*, 758 F.2d 839 (2d Cir.1985); *Barnett v. Howaldt*, 757 F.2d 23, 26 (2d Cir.1985); *JSP Agency, Inc. v. American Sugar Refining Co.*, 752 F.2d 56, 59 (2d Cir.1985). The determination as to whether or not a continuing violation exists must be made on a case-by-case basis. *Delaware State College*, 449 U.S. at 258 n. 9, 101 S.Ct. at 504 n. 9. While "compelling circumstances" may be sufficient to warrant a finding of "continuing" discrimination, *Richard v. McDonnell Douglas Corp.*, 469 F.2d 1249, 1253 (8th Cir.1972), such compelling circumstances do not exist in this case.[1]

### Age Discrimination:

Defendant claims that the court lacks jurisdiction of plaintiff's age discrimination claim because she failed to file an age discrimination charge with the EEOC. The filing of a timely charge of age discrimination with the EEOC is a condition precedent to the filing of an Age Discrimination in Employment Act ("ADEA") suit in federal court. 29 U.S.C. § 626(d). *See Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979); *O'Malley v. GTE Service Corp.*, 758 F.2d 818 (2d Cir.1985).

The purposes of the notice requirements set forth by § 626(d) are to put the Secretary of Labor on notice of possible violations of the ADEA so that claims can be investigated and to put an alleged discriminator on notice that a complaint has been filed against it. *Burgett v. Cudahy Co.*, 361 F.Supp. 617, 621 (D.Kan.1973). Although plaintiff contends that the EEOC was notified of this allegation in writing, there is no affidavit or other documentary proof of this. In none of plaintiff's EEOC or CCHR charges and complaints against ABC has plaintiff made any age discrimination allegations. Accordingly, defendant's motion to dismiss plaintiff's claim of age discrimination is granted.

### Executive Orders:

Defendant seeks summary judgment with regard to plaintiff's claim pursuant to "Executive Orders"[2] on the basis that the orders confer no private right of action in the enforcement thereof. Plaintiff asserts that such Executive Orders apply because defendant receives money from the United States government. Plaintiff is in error. Even assuming that this allegation is correct, Executive Orders 11246 and 11375 do not give rise to a private cause of action. Rather, enforcement is limited to

---

**1.** In addition to "continuing discrimination" plaintiff asserts that defendant has engaged in a "pattern and practice of discrimination." It appears that plaintiff uses the phrases "continuing discrimination" and "pattern and practice of discrimination" without considering that they apply to different circumstances. A "pattern and practice of discrimination" exists when the defendant has intentionally engaged in systematic disparate treatment of a specific race, sex or other protected group. In essence, it is an allegation that discrimination is the standard operating procedure. *See Hazelwood School District v. United States*, 433 U.S. 299, 97 S.Ct. 2736, 53 L.Ed.2d 768 (1977); *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 97

S.Ct. 1843, 52 L.Ed.2d 396 (1977). An example of a pattern and practice of discrimination is provided by the facts of *Hazelwood* where plaintiffs demonstrated that 3.7% of the school district's teachers were black while 15.4% of the teachers in the relevant labor market area were black.

**2.** Although plaintiff has not stated which "Executive Orders" apply, the Court assumes, as defendant has done, and plaintiff does not dispute, that she refers to Executive Orders 11246, 3 C.F.R., 1964–1965 Comp. 339, and 11375, 3 C.F.R., 1966–1970 Comp. 684.

the Department of Labor. *Pecorella v. Oak Orchard Community Health Center, Inc.,* 559 F.Supp. 147, 149 (W.D.N.Y.1982), *aff'd,* 722 F.2d 728 (2d Cir.1983); *See Weise v. Syracuse University,* 522 F.2d 397, 411 n. 23 (2d Cir.1975). Accordingly, summary judgment is granted.

### *42 U.S.C. §§ 1983, 1985(3) and 1988:*

Plaintiff relies in part on the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985(3) and ·1988, to support her claims against ABC. Section 1983 protects against persons acting "under color of" state law, which requires some state involvement in the practices challenged. Section 1985(3) prohibits conspiracies between two or more individuals to deprive a person of certain constitutional rights. Section 1988 authorizes a court to look to state remedies and procedures when federal law is inadequate.

### *Section 1983:*

In order to maintain a claim pursuant to 42 U.S.C. § 1983 there must be some minimum state involvement with defendant's actions. In other words, defendant must have been acting under color of state law.

The terms of § 1983 make plain two elements that are necessary for recovery. First, the plaintiff must prove that the defendant has deprived him of a right secured by the "Constitution and laws" of the United States. Second, the plaintiff must show that the defendant deprived him of this constitutional right "under color of any statute, ordinance, regulation, custom, or usage, of any state or territory." This second element requires that the plaintiff show that the defendant acted "under color of law." *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). Defendant argues that ABC, as a private employer, could not act under color of state law. Plaintiff has not controverted defendant in this regard.

■ The state action requirement of 42 U.S.C. § 1983 may be satisfied if plaintiff establishes a nexus between a state and the particular activity challenged, or if plaintiff proves the existence of a symbiotic relationship between a state and a private party defendant. Any activity of that defendant would be considered state action. *Holton v. Crozer-Chester Medical Center,* 419 F.Supp. 334 (E.D.Pa.1976), *vacated on other grounds,* 560 F.2d 575 (3d Cir.1977). A state must be involved significantly with invidious discrimination in order for a private employer's conduct to fall within the ambit of a constitutional prohibition. Here there is no connection between a state and defendant's policies that would render defendant's conduct as state action. *See MaGill v. Avonworth Baseball Conference,* 516 F.2d 1328 (3d Cir.1975). Furthermore, plaintiff has not shown the existence of a symbiotic relationship. Accordingly, defendant's motion for summary judgment with regard to plaintiff's § 1983 claim is granted.

### *Section 1985(3):*

42 U.S.C. 1985(3) authorizes recovery of damages where "two or more persons conspire ... for purposes of depriving any person or class of persons of equal protection of laws or of equal privileges and immunities under laws." Plaintiff in the instant case maintains that the officers and employees of ABC conspired amongst each other to· deprive her of her rights. Plaintiff fails, however, to allege facts in support of her conspiracy claim.

■ Where a discriminatory business decision reflects the collective judgment of two or more executives of the same firm, the challenged conduct is essentially a single act of discrimination by a single entity. The fact of two or more agents participating will not alone constitute a conspiracy within the meaning of 42 U.S.C. § 1985. *Dombrowski v. Dowling,* 459 F.2d 190 (7th · Cir.1972). In addition, the Court in *Girard v. 94th & Fifth Avenue Corp.,* 530 F.2d 66 (2d Cir.1976), *cert. denied,* 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 798 (1976), ruled that there can be no conspiracy, if, as exists here, the alleged conspiratorial conduct is essentially a single act by a single corporation acting exclusively through its own di-

rectors, officers and employees, each acting within the scope of his employment.

 A party cannot resist a summary judgment motion by alleging a conspiracy without presenting specific factual allegations of conspiracy. *Slotnick v. Staviskey,* 560 F.2d 31, 33 (1st Cir.1977), *cert. denied,* 434 U.S. 1077, 98 S.Ct. 1268, 55 L.Ed.2d 783 (1978). *See also Powell v. Jarvis,* 460 F.2d 551 (2d Cir.1972). Plaintiff has failed to present specific facts of conspiracy in her complaint or elsewhere. The motion for summary judgment dismissing plaintiff's § 1985(3) claim is granted.

*Section 1988:*

 Pursuant to 42 U.S.C. § 1988, state law may be applied in federal civil rights actions where federal law does not furnish suitable remedies. Section 1988 does not create an independent cause of action, nor does it create rights or confer jurisdiction. *See Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). Plaintiff has failed to show that the available federal statutes are inadequate. Jurisdiction over plaintiff's § 1988 claim is therefore lacking and defendant's motion to dismiss this claim is granted.

*U.S. Constitution, Amendments I, V, and XIV:*

 The First, Fifth and Fourteenth Amendments to the United States Constitution confer jurisdiction only when "state action" is involved. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Where, as here, the source of the alleged discrimination is a private organization, the state must be significantly involved with invidious discrimination in order for the private action to run afoul of constitutional prohibitions. *See MaGill v. Avonworth Baseball Conference,* 516 F.2d 1328 (3d Cir.1975). Whether particular conduct is "private" or "state action" admits of no easy answer, *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 723, 81 S.Ct. 856, 860, 6 L.Ed.2d 45 (1961), but plaintiff's claim here is baseless. The motion for summary judgment is granted.

*N.Y. Constitution, Article I, § 1:*

The New York State Constitution provides, in part, that the rights or privileges secured to any citizen shall not be denied unless by "the law of the land." N.Y. Const., Art. I, § 1. "[L]aw of the land" has been interpreted to mean "due process of law" as used in the federal constitution. *People v. Priest,* 206 N.Y. 274, 99 N.E. 547 (1912). Plaintiff fails to allege how her rights to due process of law have been violated. Defendant's motion for summary judgment in this regard is granted.

*Title VII:*

A Title VII plaintiff must diligently comply with the filing and time requirements of the statute. "Statutes of limitations are primarily designed to assure fairness to defendants. Such statutes promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, [or] memories have faded ..." *Culpepper v. Reynolds Metals Co.,* 421 F.2d 888, 892 (5th Cir.1970). Defendant claims that plaintiff has failed to satisfy the Title VII time requirements for her claims arising out of Charge Nos. 1, 3, and 4.[3]

---

3. Charge No. 3 and Charge No. 4 were filed as amendments to previous charges. Neither party has addressed the issue of whether the so-called amended charges relate back to the filing date of Charge No. 2. Regulations to Title VII provide, in relevant part:

 A charge may be amended to cure technical defects or omissions, including failure to swear to the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts

which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received. 29 C.F.R. § 1601.12(b) (1984). *See, e.g., Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 458 (5th Cir.1970). Plaintiff's attempts to amend Charge No. 2 do not cure technical defects or omissions, nor do they clarify and amplify allegations set forth in Charge No. 2. The failure to promote allegations contained in Charge No. 3

*Charge No. 1:*

██ Pursuant to 42 U.S.C. § 2000e–5(f)(1), an aggrieved individual has ninety days to file a civil action after receipt of a right to sue notice from the EEOC. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Defendant argues that the allegations based on the claims set forth in EEOC Charge No. 1 are time-barred because plaintiff failed to bring this action within ninety days from receipt of the right to sue notice. Plaintiff received the right to sue notice on January 27, 1982. The original complaint in this action was filed on January 14, 1983, approximately 350 days later. Consequently, plaintiff is barred from litigating the allegations which pertain to the claims set forth in EEOC Charge No. 1. Defendant's motion for summary judgment is granted.

*Charge No. 3:*

██ Defendant seeks summary judgment dismissing plaintiff's allegations arising from certain of the claims alleged in Charge No. 3 because the plaintiff failed to file a timely charge with the EEOC. Pursuant to 42 U.S.C. § 2000e–5(e) an individual must file a charge with the EEOC within 300 days of an act complained of or within 30 days after receipt of notice that state or local proceedings have been terminated, whichever is earlier. "A discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed ... [I]t is merely an unfortunate event in history which has no present legal consequences." *United Air Lines v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977). Plaintiff filed Charge No. 3 on March 3, 1980, which complains of denied promotion opportunities which occurred in July 1977 (975 days

before filing), September 1978 (550 days before filing), November 1978 (458 days before filing), and November 1977 (846 days before filing). Each of these promotion and transfer claims is time-barred, and therefore summary judgment as to these claims is granted. The retaliation and negative reference claims that appear in Charge No. 3 are not time-barred, however.

*Charge No. 4:*

██ ABC asserts that subject matter jurisdiction is lacking for the allegations that pertain to the claims contained in Charge No. 4, namely, discriminatory discharge, because that charge was not filed in a timely fashion, and no charge or complaint was filed with or deferred to the State Department of Human Resources (SDHR) or the City Commission of Human Resources. The requirements for the maintenance of a Title VII action are the filing of a charge with the state or local agency, a timely filing with the EEOC and receipt of a Notice of Right to Sue. Plaintiff has failed to comply with the first two of these requirements.

First, before filing a charge with the EEOC, 42 U.S.C. § 2000–5(c) requires that in "deferral" states, such as New York, no charge may be filed with the EEOC before the expiration of sixty days after proceedings have been commenced under the state or local law, unless such proceedings have been earlier terminated. It is well settled that deference to state agencies for resolving discrimination complaints is essential to Title VII. *See, e.g., Carey v. New York Gaslight Club, Inc.,* 598 F.2d 1253, 1257 (2d Cir.), *aff'd,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980). Plaintiff did not file a charge with the SDHR or the CCHR. She, therefore, has failed to establish that

---

are unrelated to Charge No. 2's allegations of retaliation. Likewise, the discriminatory discharge alleged in Charge No. 4 is too remote in time and intervening events to be considered properly an act of retaliation for the filing of Charge No. 1.

If Charge Nos. 3 and 4 were allowed to stand merely because they have been labeled "amend-

ed charges," the purposes behind permitting the amendment of charges and Title VII's procedural requirements would be subverted. Such purposes are to protect the rights of ordinary people unschooled in legal technicalities, *Sanchez,* 431 F.2d at 463, and to promote the expeditious handling of complaints. *Weise v. Syracuse University,* 522 F.2d 397, 412 (2d Cir.1975).

the mandatory jurisdictional predicates of Title VII's filing requirements have been met.

Second, plaintiff failed to file a timely charge with the EEOC. She was terminated on January 16, 1981, yet did not file with the EEOC until February 5, 1982. The gap of 386 days renders plaintiff's cause of action time-barred. 42 U.S.C. § 2000e–5(c). *See Zipes,* 455 U.S. at 392, 102 S.Ct. at 1131; *United Air Lines,* 431 U.S. at 558, 97 S.Ct. at 1889.

*Section 717(a) of Title VII:*

■ Section 717 of the Civil Rights Act of 1964, 42 U.S.C. U.S.C. § 2000e–16, entitled "Nondiscrimination in Federal Government Employment," prohibits discriminatory practices by federal agencies based upon race, color, religion, sex or national origin. This statute is inapplicable to plaintiff's claims against ABC, which is not a federal agency. *See Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Defendant's motion for summary judgment to dismiss plaintiff's claims under § 717(a) of Title VII is granted.

*Plaintiff's "Blacklisting" claims:*

In Charge No. 3, plaintiff alleges what could be described as a blacklisting or negative reference claim. In addition, in response to ABC's motion she alleges generally an incident in January 1983, when a job application was denied because ABC gave her a negative reference. Defendant contends that subject matter jurisdiction over these claims is lacking. The 1983 blacklisting charge was not subject to the EEOC's investigation, nor to its "no reasonable cause" determination. Further, defendant asserts blacklisting is not an "unlawful employment practice" within the scope of Title VII's anti-discrimination proscription.

■ Title VII does not provide protection concerning blacklisting claims not made part of an EEOC charge. *See, e.g., Ferguson v. Mobil Oil Corp.,* 443 F.Supp. 1334 (S.D.N.Y.1978), *aff'd,* 607 F.2d 995 (2d Cir.1979). The court in *Ferguson* held not only that the absence of an EEOC charge

or investigation is reason for a court not to consider judicial action for such a charge, 443 F.Supp. at 1337, but that post-employment charges of blacklisting are outside the scope of Title VII proscriptions. *Id.* at 1339. *But See Bilka v. Pepe's, Inc.,* 601 F.Supp. 1254, 1259 n. 9 (N.D.Ill.1985) (employer violates Title VII if post-employment negative references are made in retaliation for assertion of Title VII rights). In addition, if this Court were to exercise pendent jurisdiction over plaintiff's blacklisting claims, plaintiff must show that the Title VII and blacklisting claims "derive from a common nucleus of operative fact." *United Mine Workers v. Gibb,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). The Court in *Ferguson* held that Title VII and post-employment "blacklisting" claims do not "derive from a common nucleus of operative fact," 443 F.Supp. at 1340–1341. Accordingly, I decline to exercise pendent jurisdiction in this case over the blacklisting allegations in Charge No. 4. Plaintiff's claim arising out of a 1983 post-employment negative reference is dismissed.

Plaintiff argues that Charge No. 3 alleges ABC harmed her reputation "within the industry circles." The conduct that allegedly occurred while plaintiff was employed at ABC might be considered an act of retaliation under Title VII or defamatory under state law. However, in either event, plaintiff has failed to present to the Court specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). Plaintiff has not alleged any specific facts concerning a job application with a third party that was denied during the relevant period because ABC provided a negative reference. *See, e.g., Barnett v. Howaldt,* 757 F.2d 23, 26 (2d Cir.1985); *JSP Agency, Inc. v. American Sugar Refining,* 752 F.2d 56, 56 (2d Cir.1985) ("[s]ummary judgment ... will not be denied merely because of conclusory allegations or denials made by the opposing party.") Defendant's motion for summary judgment with regard to plaintiff's blacklisting or negative reference charges is granted.

*Punitive or Compensatory Damages:*

 Title VII is equitable in nature and prohibits recovery for both compensatory and punitive damages. *See* 42 U.S.C. § 2000e–5(g); *Harrington v. Vandalia-Butler Board of Education,* 585 F.2d 192, 194–97 (6th Cir.1978), *cert. denied,* 441 U.S. 932, 99 S.Ct. 2053, 60 L.Ed.2d 660 (1979). Claims for punitive and compensatory damages in Title VII actions have been rejected on numerous occasions. *See, e.g., Schick v. Bronstein,* 447 F.Supp. 333, 338 (S.D.N.Y. 1978); *Mills v. Fox,* 421 F.Supp. 519 (E.D. N.Y.1976); *Whitney v. Greater New York Corp.,* 401 F.Supp. 1363 (S.D.N.Y.1975). Accordingly, defendant's motion for summary judgment with regard to plaintiff's compensatory and punitive damage claims is granted.

*Reinstatement and Backpay:*

Defendant claims that, because plaintiff falsified information on her employment application and resumes and lied at her deposition, there should be no reinstatement or backpay. It is not clear to the Court whether these are appropriate remedies, now that plaintiff's claim of discriminatory discharge has been dismissed. Nevertheless, the Court is unwilling to rule as a matter of law that she is precluded at this time from seeking such relief.

It is true that an employee who is discharged unlawfully in violation of her rights under the National Labor Relations Act is not entitled automatically to reinstatement with backpay. 29 U.S.C. §§ 157, 158(a)(3). It is also true that courts have consistently declined to order reinstatement of an employee who has engaged in fraudulent or unlawful conduct. *See NLRB v. Magnusen,* 523 F.2d 643, 646 (9th Cir.1975); *NLRB v. Commonwealth Foods, Inc. (West End),* 506 F.2d 1065, 1068 (4th Cir.1974); *NLRB v. Breitling,* 378 F.2d 663 (10th Cir.1967); *NLRB v. Big Three Welding Equipment Co.,* 359 F.2d 77 (5th Cir.1966). However, in most cases where reinstatement and backpay were denied the employee was found to have committed theft or some other grievous act.

Furthermore, summary judgment is *not* appropriate where, as in the present case, "motive and intent play leading roles." *White Motor Co. v. United States,* 372 U.S. 253, 259, 83 S.Ct. 696, 700, 9 L.Ed.2d 738 (1963). *See also Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962). For these reasons, defendant's motion for summary judgment with regard to reinstatement and back pay is denied.

*Summary*

Defendant's motion is granted in the following respects: plaintiff's claims under the Age Discrimination in Employment Act; Executive Orders 11246 and 11375; 42 U.S.C. § 1983, 1985(3) and 1988; the First, Fifth and Fourteenth Amendments to the United States Constitution; Article I, § 1 of the New York State Constitution; and 42 U.S.C. § 2000e–16 (Section 717(a) of Title VII) are hereby dismissed. In addition, plaintiff's Title VII claims arising from EEOC Charge Nos. 1, 3, and 4, her blacklisting claims, and her claims for compensatory and punitive damages are dismissed.

The parties shall complete discovery on plaintiff's remaining claims of retaliation contained in EEOC Charge No. 2 and her claims for reinstatement and backpay, on or before October 30, 1985.

SO ORDERED.